■ LOIS HAGAN, Appellant, v GENERAL MOTORS CORPORATION, Respondent. (And Third-Party Actions.) [599 NYS2d 612] — In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Ain, J.), entered May 24, 1991, which, upon an order of the same court, entered March 12, 1991, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against her. The plaintiff's notice of appeal from the order entered March 12, 1991 is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The decedent was employed by Consolidated Edison Company of New York, Inc. (hereinafter Con Ed) as a gate operator at Con Ed's Pleasantville substation. On September 8, 1983, two fellow employees drove up to the entrance gate in a truck owned by Con Ed, and manufactured by the defendant. However, the truck's original engine had been removed about a year and a half earlier and replaced by Bonded Engine Rebuilders with a rebuilt engine of its own manufacture. The driver of the truck testified at his examination before trial

that he turned the truck's ignition off while he waited for the decedent to open the gate. Once opened, he started the truck and placed the transmission into "drive". Even though his foot was allegedly on the brake at the time, the driver testified that the truck suddenly "lunged" forward, and struck the decedent before the driver was able to bring the truck to a stop. The decedent later died from the injuries sustained as a result of this accident.

The plaintiff commenced this action to recover damages for personal injuries and wrongful death, based, *inter alia,* upon theories of negligence and products liability. The defendant moved for summary judgment on the grounds that the plaintiff failed to proffer evidence of any defect attributable to any part of the vehicle manufactured by the defendant and that the engine replacement had substantially modified the vehicle's acceleration system, so that the defendant could no longer be responsible for any problems with the acceleration system. In support of its motion, the defendant submitted the sworn affidavit of an expert, who examined the various inspection reports and the deposition testimony concerning the accident, and concluded that there was no defect in the vehicle which could have caused this accident, or, if any defect did exist, the replacement engine so substantially modified the acceleration system that the defendant could no longer be responsible for this system. In opposition, the plaintiff submitted an attorney's affidavit, deposition testimony of several Con Ed employees concerning the incident, and an unsworn report of a "consulting engineer", whose qualifications were not listed and who concluded, in effect, that the carburetor and fuel pump, both original parts of the defendant's manufacture, *could have* caused this incident. Because neither the carburetor nor fuel pump was ever inspected, this person concluded that the carburetor and/or fuel pump caused this accident. The defendant's expert submitted a reply affidavit, refuting the conclusions of this unsworn report presented by the plaintiff. The Supreme Court awarded the defendant summary judgment dismissing the complaint, stating in relevant part: "While the exact cause of this accident may never be known, the Court is satisfied from a through *[sic]* examination of the evidence submitted herein that the accident was *not* caused by a design defect or any negligence on the part of the defendant".

We agree. It is well settled that on a motion for summary judgment, the movant must tender sufficient evidence to show that no material issues of fact exist. Once the movant makes

this showing, the burden shifts to the opponent to produce evidentiary proof in admissible form sufficient to establish that there exists a material issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557). In the case at bar, the only evidence submitted by the plaintiff to rebut the defendant's showing that the defect did not come from a part of its own manufacture was the report of an "expert", which was unsworn and failed to specify the purported expert's qualifications. Because the plaintiff failed to oppose the defendant's prima facie showing with evidentiary proof in admissible form, the defendant was properly granted summary judgment *(see, Silverstein v Walsh Press & Die Co.,* 119 AD2d 658). Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.