■ ANDREW BELLAFLORES, an Infant, by His Parent and Natural Guardian, BARBARA BELLAFLORES, et al., Appellants-Respondents, v TOWN OF OYSTER BAY, Respondent, and ROBERT S. LEATHERS, Respondent-Appellant. [681 NYS2d 758] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated January 6, 1998, as granted the motion of the defendant Town of Oyster Bay for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Robert S. Leathers cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the motion of the Town of Oyster Bay which was for summary judg-

ment dismissing all cross claims insofar as asserted against it and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the cross motion of the defendant Robert S. Leathers for summary judgment and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the complaint is dismissed.

Contrary to the plaintiff's contentions, the defendant Town of Oyster Bay demonstrated its entitlement to judgment as a matter of law and thus the Supreme Court properly granted its motion for summary judgment (*see, Pinzon v City of New York,* 197 AD2d 680). The plaintiff wholly failed to come forward with any persuasive evidence that the Town of Oyster Bay breached any relevant duty concerning the maintenance of the subject playground apparatus that proximately caused the infant plaintiff's injuries. Indeed, no sworn expert opinion was proffered to support the plaintiffs' claim of negligence (*see, Hagan v General Motors Corp.,* 194 AD2d 766; *cf., Dash v City of New York,* 236 AD2d 579). Moreover, the defendant Robert S. Leathers, the architect who designed the playground, likewise demonstrated his entitlement to judgment as a matter of law and thus his motion for summary judgment is granted (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320).

The plaintiffs' remaining contentions are without merit. Rosenblatt, J. P., Miller, Altman and Friedmann, JJ., concur.