■ CHARLES G. BILLERBACK, Respondent, v GLENN R. CORBIN, JR., et al., Appellants. [684 NYS2d 879] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Putnam County (Berry, J.), dated July 21, 1998, which denied their motion to direct the plaintiff to submit to an independent medical examination.

Ordered that the order is reversed, on the law, with costs, and the motion is granted; and it is further,

Ordered that the plaintiff shall submit to an independent medical examination within 60 days after the service upon him of a copy of this decision and order.

The plaintiff was allegedly injured in an automobile accident and commenced this action to recover for personal injuries in July 1996. Before the action was commenced, the plaintiff was examined by a doctor chosen by the defendants' insurer in April 1996. The Supreme Court erred in denying the defendants' motion to compel the plaintiff to submit to a physical examination. Although the plaintiff had already undergone a physical examination, CPLR 3121 (a) specifically allows a party to conduct a physical examination "[a]fter commencement of an action". Nor does CPLR 3121 (a) restrict the number of examinations to which a party may be subjected (*see, Radigan v Radigan,* 115 AD2d 466). Furthermore, in the case at bar, the parties entered into a stipulation in open court, which was "so-ordered" by the court, to permit a physical examination of the plaintiff. Such stipulations are binding on the parties and may not be lightly set aside (*see,* CPLR 2104; *Privin v Landolfi,* 191 AD2d 485). The plaintiff has not shown sufficient cause to be relieved of the stipulation. Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.