■ FERDINAND MARTIGNETTI, Respondent, v THERESA RICEVUTO, Appellant, et al., Defendants. [706 NYS2d 915] —In an action, *inter alia,* for specific performance of an agreement concerning real property, the defendant Theresa Ricevuto appeals from (1) an order of the Supreme Court, Westchester County (Cowhey, J.), dated March 4, 1999, which granted the plaintiff's motion to strike her answer for failure to comply with court-ordered discovery and for leave to enter a default judgment, and (2) a judgment of the same court, also dated March 4, 1999, which is in favor of the plaintiff and against her, *inter alia,* directing that the subject premises be conveyed to the plaintiff.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, the motion, *inter*

*alia,* to strike the appellant's answer is denied, and the order dated March 4, 1999, is vacated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

We agree with the appellant that it was an improvident exercise of discretion for the Supreme Court to strike her answer. To invoke the drastic remedy of striking a pleading, the court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent (*see,* CPLR 3126; *Harris v City of New York,* 211 AD2d 663, 664; *Lestingi v City of New York,* 209 AD2d 384). Here, the record does not support a finding that the appellant willfully and deliberately failed to comply with the court's directive that depositions be completed by December 16, 1998. An order to show cause signed by the Supreme Court on December 14, 1998, granted a stay of "all proceedings" in the action. There is no indication in the record that the stay was lifted before the date on which the Supreme Court issued its order striking the appellant's answer for failure to comply with prior disclosure orders. Accordingly, that order must be vacated and the judgment entered thereon must be reversed. Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.