■ ANDREW R. PLOSKI, Appellant, v RIVERWOOD OWNERS CORPORATION et al., Respondents. [725 NYS2d 886] —In an action, *inter alia,* to recover for property damage, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered September 23, 1999, as denied that branch of his motion which was to strike the defendants' answer for failure to comply with discovery requests, (2) an order of the same court, entered October 20, 1999, which granted that branch of his motion which was to impose costs, sanctions, and an attorney's fee against the defendants and the defendants' attorney, only to

the extent of imposing a sanction of $250 upon the defendants' attorney, and (3) an order of the same court, entered December 13, 1999, which denied his cross motion to strike the defendants' answer for failing to comply with discovery requests.

Ordered that the order entered September 23, 1999, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the orders entered October 20, 1999, and December 13, 1999, are affirmed, without costs or disbursements.

"To invoke the drastic remedy of striking a pleading, the court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent (*see,* CPLR 3216; *Harris v City of New York,* 211 AD2d 663, 664; *Lestingi v City of New York,* 209 AD2d 384)" (*Martignetti v Ricevuto,* 271 AD2d 508, 509). It is also well settled that the determination whether or not to strike a pleading lies within the sound discretion of the court (*see, Zletz v Wetanson,* 67 NY2d 711; *Kubacka v Town of N. Hempstead,* 240 AD2d 374).

It is clear that both sides are partially at fault for the highly contentious and seemingly unending discovery in this case. Under these circumstances, and considering the record as a whole, the Supreme Court providently exercised its discretion in denying the plaintiff's motion and cross motion to strike the defendants' answer for failure to comply with various discovery requests (*see, Payne v Rouse Corp.,* 269 AD2d 510).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.