■ NEVILLE PATTERSON, Respondent, v GREATER NEW YORK CORPORATION OF SEVENTH DAY ADVENTISTS et al., Appellants, and CITY OF NEW YORK et al., Defendants. [726 NYS2d 278] —In an action to foreclose a mechanic's lien, the defendants Greater

New York Corporation of Seventh Day Adventists and Maranatha 7th Day Adventist Church appeal from (1) an order of the Supreme Court, Kings County (Garry, J.), dated July 24, 2000, and (2) a resettled order of the same court, dated October 31, 2000, which, *inter alia,* granted the plaintiff's motion pursuant to CPLR 3126 and struck their answer for failure to comply with discovery.

Ordered that the appeal from the order dated July 24, 2000, is dismissed, as that order was superseded by the resettled order dated October 31, 2000; and it is further,

Ordered that the resettled order dated October 31, 2000, is affirmed, with costs.

"To invoke the drastic remedy of striking a pleading, the court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent (*see,* CPLR 3216; *Harris v City of New York,* 211 AD2d 663, 664; *Lestingi v City of New York,* 209 AD2d 384)" (*Martignetti v Ricevuto,* 271 AD2d 508, 509). "The willful and contumacious character of a party's conduct can be inferred from his [or her] repeated failures to appear for examination before trial, coupled with inadequate excuses for these defaults" (*Mills v Ducille,* 170 AD2d 657, 658; *see also, Herrera v City of New York,* 238 AD2d 475, 476). It is also well settled that the determination whether or not to strike a pleading lies within the sound discretion of the trial court (*see, Zletz v Wetanson,* 67 NY2d 711; *Kubacka v Town of N. Hempstead,* 240 AD2d 374).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in striking the appellants' answer based upon their repeated and inadequately explained failure to produce an essential witness for an examination before trial. Krausman, J. P., Florio, Feuerstein and Cozier, JJ., concur.