■ ANNA M. BERGAMASCHI, Respondent, et al., Plaintiff, v MARIA GARGANO, Appellant, et al., Defendant. [742 NYS2d 322] —In an action to recover damages for personal injuries, etc., the defendant Maria Gargano appeals from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), dated April 23, 2001, which, upon a jury verdict, is in favor of the plaintiff Anna M. Bergamaschi and against her in the principal sum of $75,000.

Ordered that the judgment is reversed, on the law and as a matter of discretion, and the matter is remitted to the Supreme Court, Nassau County, for a new trial, with costs to abide the event.

During the course of trial, shortly before the plaintiffs rested, they moved to preclude the appellant from calling an orthopedic surgeon as an expert witness. In support of the motion, the plaintiffs argued that the physician's testimony would not be relevant because the injured plaintiff sustained a disc injury

which was not within an orthopedic surgeon's area of medical expertise. Although the trial court rejected this argument, it precluded the appellant from calling both the orthopedic surgeon and a neurologist as expert medical witnesses upon the ground that their testimony would be cumulative. In light of the court's ruling, the appellant called only the orthopedic surgeon as an expert witness.

The appellant contends that the trial court's refusal to permit her to call both the orthopedic surgeon and neurologist as expert witnesses prejudiced her ability to present a full defense, and warrants a new trial. We agree. As a general rule, the issue of whether evidence should be excluded as cumulative rests within the sound discretion of the trial court (see *Rosabella v Fanelli*, 225 AD2d 1007; *Berry v Jewish Bd. of Family & Children's Servs.*, 173 AD2d 670; *Abbott v New Rochelle Hosp. Med. Ctr.*, 141 AD2d 589). However, under the circumstances of this case, the court's blanket preclusion of the neurologist's testimony was an improvident exercise of discretion (see *Krinsky v Rachleff*, 276 AD2d 748; *Shafran v St. Vincent's Hosp. & Med. Ctr.*, 264 AD2d 553). Notably, there was a sharp factual dispute as to whether the injured plaintiff's herniated discs were caused by the subject automobile accident, or were the result of degenerative changes from a prior accident. Moreover, the voir dire of the neurologist which was conducted prior to the court's ruling indicated that while physicians in the fields of neurology and orthopedics work closely together, a neurologist, who diagnoses and treats nerve disorders such as disc injuries, will sometimes need to rely upon the expertise of an orthopedist. As an example, the neurologist explained that if he found that a patient was suffering from a disc injury, he would refer the patient to an orthopedic surgeon to determine whether a fusion was necessary. Considering the fact that the key issue in this case was whether the herniated discs in the injured plaintiff's cervical spine were the result of the subject accident, the court should not have entirely precluded the appellant from presenting the testimony of a second physician with a different area of medical expertise.

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J.P., O'Brien, Krausman and Adams, JJ., concur.