■ Anthony Alizio, Appellant, v Joseph Alizio, Respondent, et al., Defendants. [752 NYS2d 553] —In an action, inter alia, for a judgment declaring, in effect, that the election of the individual defendants to the Board of Directors of the defendant 82-04 Lefferts Tenants Corp. was illegal, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Milano, J.), dated January 18, 2002, as denied that branch of his motion which was to strike the answer of the defendant Joseph Alizio.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, and that branch of the motion which was to strike the answer of the defendant Joseph Alizio is granted.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" is a matter within the discretion of the Supreme Court (CPLR 3126; *see Zletz v Wetanson,* 67 NY2d 711). The wilful and contumacious conduct of the defendant Joseph Alizio may be inferred from his repeated failure, over a period of three years, to comply with numerous court orders requiring production of documents and his failure to appear at depositions without adequate excuse (*see Dacey v Horror Café,* 293 AD2d 511; *Nowak v Veira,* 289 AD2d 383). Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to strike the answer of the defendant Joseph Alizio. Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.