■ ANGELA PASHAYAN, Respondent, v ROCHELLE M. CORSON, Appellant. [762 NYS2d 249] —In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 22, 2001, as granted that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3126 to strike her answer for failure to provide discovery and for specific performance of the contract between the parties dated December 12, 1996, (2), as limited by her brief, from stated portions of an order of the same court dated August 20, 2001, which, among other things, granted that branch of the plaintiff's motion which was, in effect, to extend the closing date set forth in the order dated March 22, 2001, (3) from an order of the same court dated November 29, 2001, which denied her motion for leave to renew, and (4) from a judgment of the same court dated June 25, 2002, which, after an inquest on the issue of

damages, is in favor of the plaintiff and against her in the principal sum of $8,745.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

It is well settled that the determination of whether or not to strike a pleading lies within the sound discretion of the Supreme Court (*see* CPLR 3126 [3]). In light of the defendant's repeated and unexplained failure to appear for an examination before trial and provide meaningful responses to court-ordered discovery demands, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3126 to strike the defendant's answer for failure to provide discovery (*see Bates v Baez,* 299 AD2d 382 [2002]; *Patterson v Greater N.Y. Corp. of Seventh Day Adventists,* 284 AD2d 382 [2001]; *Town of Southampton v Salten,* 186 AD2d 796 [1992]).

The defendant failed to demonstrate that the Supreme Court set an improper option price or improvidently extended the closing date and directed the title company to hold the proceeds from the sale in escrow pending the inquest. Therefore, the orders dated March 22, 2001, and August 20, 2001, should not be disturbed. The defendant's contentions regarding the judgment are without merit.

Furthermore, the Supreme Court properly denied the defendant's motion for leave to renew because it was not based upon new facts which were previously unavailable and which would change the prior determination (*see* CPLR 2221 [e] [2]; *Feldstein v Rounick,* 295 AD2d 400 [2002]; *Louros v Parmiter,* 288 AD2d 273, 274 [2001]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Ritter, McGinity and Cozier, JJ., concur.