■ RADOSLAW RACKOWICZ et al., Appellants, v ROBERT FELDMAN et al., Respondents. [802 NYS2d 248]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated March 26, 2004, which denied their motion pursuant to CPLR 4404 (a) to set aside the verdict that the defendants were not negligent as against the weight of the evidence, or to strike the answer of the defendant Brenda Feldman and direct that a trial be held on the issue of damages.

Ordered that the order is affirmed, with costs.

"[T]he determination of whether or not to strike a pleading lies within the sound discretion of the Supreme Court" (*Pashayan v Corson,* 306 AD2d 259, 260 [2003]; *see Patterson v Greater N.Y. Corp. of Seventh Day Adventists,* 284 AD2d 382, 383 [2001]). While the plaintiffs correctly contend that their application pursuant to CPLR 2308 (a) to strike the answer of the defendant Brenda Feldman was sufficiently preserved during the trial, the Supreme Court providently exercised its discretion

in denying that application. Feldman was deposed before the trial and parts of her testimony were read by the plaintiffs' attorney to the jury. Moreover, her testimony and that of the witnesses at trial, including one of the plaintiffs, established that she was in Florida for a period before the subject snowstorm until after the accident, and thus had no knowledge of the material facts. Accordingly, a less drastic remedy would have been more appropriate, as the court suggested (cf. *Alizio v Alizio,* 300 AD2d 515 [2002]; *Nowak v Veira,* 289 AD2d 383 [2001]).

For the same reasons, the court properly declined to give a missing-witness charge with respect to Brenda Feldman. The plaintiff did not meet his initial burden of demonstrating that she was either knowledgeable about material issues or that she would provide noncumulative testimony (*see People v Gonzalez,* 68 NY2d 424, 428 [1986]; *People v O'Hara,* 253 AD2d 560, 561 [1998]).

Furthermore, because the verdict was based on a fair interpretation of the evidence adduced at trial, the court properly denied that branch of the plaintiffs' motion which was to set aside the jury verdict as against the weight of the credible evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]; *Kennedy v County of Westchester,* 295 AD2d 572 [2002]; *Kwasny v Feinberg,* 157 AD2d 396, 403 [1990]). Adams, J.P., Mastro, Lifson and Lunn, JJ., concur.