■ ADRIENNE SIMONE BENNETT et al., Appellants, v HENRY FERGUSON, Respondent. [817 NYS2d 643]—

In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Bunyan, J.), dated March 4, 2005, which, upon a jury verdict, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiffs' contention, the defendant was not required to provide expert testimony in order to question the plaintiff Adrienne Simone Bennett (hereinafter Adrienne) as to the warning labels on her prescription medication. Such warning labels are within the ordinary knowledge and experience of the trier of fact (*see generally De Long v County of Erie,* 60 NY2d 296, 307 [1983]; *Murphy v Crecco,* 255 AD2d 300 [1998]; *Fortunato v Dover Union Free School Dist.,* 224 AD2d 658, 659 [1996]).

The trial court properly precluded Adrienne's testimony regarding her personal observations of the defendant. Although she was clearly competent to testify as to her opinion based on her personal observations that the defendant seemed to be in a state of intoxication at the time of the accident (*see Lipp v Saks,* 129 AD2d 681, 683 [1987]), the testimony would have been cumulative (*cf. Bergamaschi v Gargano,* 293 AD2d 695, 696 [2002]).

The plaintiffs' remaining contentions are without merit (*see Rackowicz v Feldman,* 22 AD3d 553 [2005]; *Torres v Lowinger,* 12 AD3d 363, 364 [2004]; *Solomon v Solomon,* 276 AD2d 547, 548 [2000]; *Billerback v Corbin,* 259 AD2d 457 [1999]). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.