■ HARVEY ELLNER et al., Appellants, v NATHAN SCHWED et al., Respondents. [851 NYS2d 373]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated September 5, 2006, as denied their motion pursuant to CPLR 2221 (e) for leave to

renew their opposition to the defendants' motion, inter alia, pursuant to CPLR 3124 to compel certain discovery, which was determined in a prior order of the same court dated June 13, 2006, and (2) an order of the same court dated January 24, 2007.

Ordered that the appeal from the order dated January 24, 2007 is dismissed as abandoned; and it is further,

Ordered that the order dated September 5, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

A motion for leave to renew must (1) be based upon new facts not offered on a prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion (*see* CPLR 2221 [e]; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.,* 43 AD3d 907 [2007]). The Supreme Court properly denied the plaintiffs' motion for leave to renew because it was not based upon new facts which would change the prior determination, and the plaintiffs failed, in any event, to set forth a reasonable justification for their failure to submit the purportedly new facts on the prior motion (*see* CPLR 2221 [e]; *Pashayan v Corson,* 306 AD2d 259, 260 [2003]; *Feldstein v Rounick,* 295 AD2d 400 [2002]).

Since the plaintiffs' brief failed to set forth any argument regarding their appeal from the order dated January 24, 2007, denying their motion to vacate the note of issue, we must dismiss that appeal as abandoned (*see generally Gagnon v Hamlet on Olde Oyster Bay, LLC,* 35 AD3d 655 [2006]; *DiCarlo v City of New York,* 286 AD2d 363, 365 [2001]; *Alfred Weissman Real Estate v Big V Supermarkets,* 268 AD2d 101, 106 [2000]).

The plaintiffs' remaining contentions either are without merit or need not be reached in light of the foregoing. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.