■ KEYLAND MECHANICAL CORPORATION, Appellant, v 529 EMPIRE REALTY CORP. et al., Defendants, and JULIA LYSTRA COLLIS, Doing Business as ARISTOCRAT MANOR, et al., Respondents. [851 NYS2d 380]—In an action, inter alia, to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 20, 2007, which granted the motion of the defendants Julia Lystra Collis, doing business as Aristocrat Manor, and Julia Lystra Collis, individually, denominated as one for leave to reargue, but which was, in actuality, for leave to renew their prior motion to vacate a judgment dated May 28, 1999, entered upon their default in answering or appearing, which had been denied in an order of the same court dated February 27, 2006, and upon renewal, granted the motion to vacate the judgment.

Ordered that the order is reversed, on the law, with costs, the motion of the defendants Julia Lystra Collis, doing business as Aristocrat Manor, and Julia Lystra Collis, individually, denominated as one for leave to reargue, but which was, in actuality, for leave to renew is denied, and the judgment dated May 28, 1999, is reinstated.

The Supreme Court erred in granting renewal as the defendants Julia Lystra Collis, doing business as Aristocrat Manor, and Julia Lystra Collis, individually, failed to present a "reasonable justification" for their failure to present the purported "new facts" on their prior motion to vacate the default judgment entered against them (*see* CPLR 2221 [e]; *Yarde v New York City Tr. Auth.,* 4 AD3d 352, 353 [2004]; *Riccio v Deperalta,* 274 AD2d 384, 385 [2000]). Moreover, the purported "new facts" should not have changed the court's prior determination denying their motion to vacate their default in answering the complaint since they had failed to present a reasonable excuse for such default (*see* CPLR 5015 [a] [1]; *St. Rose v McMorrow,* 43 AD3d 1146 [2007]; *Commissioners of State Ins. Fund v Nobre, Inc.,* 29 AD3d 511 [2006]; *cf. Fidelity & Deposit Co. of Md. v Andersen & Co.,* 60 NY2d 693, 695 [1983]; *Parker v City of New*

*York,* 272 AD2d 310, 311 [2000]). Prudenti, P.J., Skelos, Miller, Covello and McCarthy, JJ., concur.