■ LILLIAN HLENSKI, Respondent, v CITY OF NEW YORK, Defendant, and SAVA NICOLAOU et al., Appellants. [858 NYS2d 789]—

In an action to recover damages for personal injuries, the defendants Sava Nicolaou and Despina Nicolaou, also known as Daisy Nicolaou, appeal from an order of the Supreme Court, Queens County (Flug, J.), entered December 29, 2006, which granted the plaintiff's motion, in effect, for leave to renew her opposition to that branch of their prior motion which was for summary judgment dismissing the complaint insofar as asserted against them, which had been granted in an order of the same court dated August 25, 2006, and upon renewal, in effect, vacated both the order dated August 25, 2006, and a judgment of the same court entered October 26, 2006, which was in their favor and against the plaintiff dismissing the complaint insofar as asserted against them, and thereupon denied that branch of their motion which was for summary judgment.

Ordered that the order entered December 29, 2006 is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion is denied, and the order dated August 25, 2006 and the judgment entered October 26, 2006 are reinstated.

"A motion for leave to renew must (1) be based upon new facts not offered on a prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (*Ellner v Schwed,* 48 AD3d 739, 740 [2008]; *see* CPLR 2221 [e]; *Keyland Mech. Corp. v 529 Empire Realty Corp.*, 48 AD3d 755 [2008]).

Here, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion, in effect, for leave to renew. The plaintiff's new facts, offered in support of renewal, were based on a report of an expert's inspection of the sidewalk where the plaintiff fell, and of the retaining wall on the defendants' property which abutted the sidewalk. This inspection was made from the public sidewalk more than five years after the accident. The expert opined that the sidewalk defect which caused the plaintiff's fall was the result of the manner in

which the retaining wall on the defendant's property was built and maintained. The plaintiff failed to provide any explanation as to why this inspection was not performed earlier, and why the expert's opinion could not have been presented in opposition to the original motion (*see Clemente v Carl Bongiorno & Sons, Inc.*, 39 AD3d 688 [2007]; *Crystal House Manor, Inc. v Totura*, 29 AD3d 933 [2006]; *Elder v Elder*, 21 AD3d 1055 [2005]; *Hart v City of New York*, 5 AD3d 438 [2004]). In addition, this theory of liability differed markedly from that proffered by the plaintiff in her bill of particulars, and was improperly asserted for the first time in support of renewal.

Furthermore, the expert opinion failed to raise an issue of fact in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law. The expert relied upon unauthenticated photographs, and his conclusions that the retaining wall and sidewalk were in the same condition when he inspected them as they were on the day of the accident, and that the construction and maintenance of the retaining wall caused the sidewalk defect, were speculative. Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.