Kathleen Swedish, Respondent, v Harriet Beizer, Appellant. [859 NYS2d 668]—

In an action for the partition and sale of real property, the defendant appeals from (1) an order and judgment (one paper) of the Supreme Court, Suffolk County (Baisley, J.), dated April 23,

2007, which, inter alia, granted the plaintiff's opposed motion for leave to enter judgment upon the defendant's default in answering the complaint, and directed the partition and sale of the subject property, and (2) an order of the same court dated April 24, 2007, which denied her motion, inter alia, for leave to renew and reargue the plaintiff's motion for leave to enter a default judgment, to vacate her default, and to compel the plaintiff to accept her answer.

Ordered that the appeal from so much of the order dated April 24, 2007, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that the order dated April 24, 2007 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff and the defendant owned a single-family home in Suffolk County as tenants in common. In July 2006 the plaintiff commenced this action for the partition and sale of the property. According to the affidavit of service, a copy of the summons and complaint was delivered to a person of suitable age and discretion at the defendant's actual place of business on July 18, 2006. The next day, a copy of the summons and complaint was mailed to the defendant at her actual place of business, and on July 26, 2006, proof of service was filed with the clerk of the court. The defendant failed to serve a timely answer, and the plaintiff moved for leave to enter a default judgment. The defendant submitted opposition to the motion but, in an order dated January 3, 2007, the Supreme Court granted the motion. Shortly thereafter, the defendant moved for leave to renew and reargue the motion, to vacate her default, and to compel the plaintiff to accept her answer. On April 23, 2007 the court issued an order and judgment (one paper), inter alia, granting the plaintiff's motion for leave to enter a judgment by default to the plaintiff and directing the partition and sale of the property. The next day, April 24, 2007, the court denied the defendant's motion.

The Supreme Court properly granted the plaintiff's motion for leave to enter a judgment upon the defendant's default in answering. The affidavit of service gave rise to a presumption that service had been properly effected pursuant to CPLR 308 (2). In opposition, the defendant, who, in effect, conceded that process had properly been delivered to a person of suitable age and discretion at her actual place of business, failed to offer ev-

idence that process had not also been timely mailed to her at that location or timely filed with the clerk of the court. Thus, the defendant failed to rebut the presumption of proper service or offer any other basis upon which to deny the plaintiff's motion for leave to enter a default judgment (*see Jefferson v Netusil*, 44 AD3d 621 [2007]).

Moreover, the court properly denied that branch of the defendant's motion which was for leave to renew. "A motion for leave to renew must (1) be based upon new facts not offered on a prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (*Ellner v Schwed*, 48 AD3d 739, 740 [2008]); *see* CPLR 2221 [e]; *State Farm Mut. Auto. Ins. Co. v Hertz Corp.*, 43 AD3d 907 [2007]). Here, the defendant's renewal motion was not based upon new facts which would have changed the prior determination, and the defendant failed, in any event, to set forth a reasonable justification for her failure to submit the purportedly new facts on the prior motion (*see* CPLR 2221 [e]; *Keyland Mech. Corp. v 529 Empire Realty Corp.*, 48 AD3d 755 [2008]); *Pashayan v Corson*, 306 AD2d 259 [2003]; *Feldstein v Rounick*, 295 AD2d 400 [2002]).

Finally, the court properly denied those branches of the defendant's motion which were to vacate her default and to compel the plaintiff to accept her answer. The defendant failed to establish a reasonable excuse for her default (*see Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d 671 [2006]) or proffer a meritorious defense (*see St. Luke's Roosevelt Hosp. v Blue Ridge Ins. Co.*, 21 AD3d 946 [2005]). Fisher, J.P., Miller, Carni and Dickerson, JJ., concur.