In the Matter of Cheryl Hoppenstein, Appellant, v Abraham Hoppenstein, Respondent. [989 NYS2d 85]—

In a proceeding pursuant to CPLR 3102 (c) to obtain pre-action disclosure, the petitioner appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), entered November 26, 2012, which denied her motion for leave to renew her petition, which had been denied in an order of the same court entered July 6, 2012.

Ordered that the order entered November 26, 2012, is affirmed, with costs.

In October 2005, Reuben Hoppenstein, the father of the petitioner, Cheryl Hoppenstein, created The Cheryl Hoppenstein Trust (hereinafter the Hoppenstein Trust) for the petitioner. In a prior proceeding commenced in the Surrogate's Court, the petitioner sought to compel an accounting of a lifetime trust which she identified in the petition as "the lifetime trust that is not [the Hoppenstein Trust]," alleging, inter alia, that the respondent's counsel had stated to her that the unidentified trust existed and that the respondent, Reuben's brother, was its trustee. By order entered November 30, 2011, the Surrogate's Court denied the petition on the grounds, inter alia, that the petitioner was engaging in a fishing expedition and had failed to identify the purported trust (*see Matter of Hoppenstein*, 118 AD3d 999 [2014] [decided herewith]).

The petitioner then commenced this proceeding in the Supreme Court seeking pre-action disclosure of the trust document for the purported trust. By order entered July 6, 2012, the Supreme Court, inter alia, denied the petition.

The petitioner subsequently moved for leave to renew the petition. In support of her motion, she submitted, inter alia, a letter from Reuben dated April 3, 2012, in which Reuben expressed his anguish, sorrow, and anger at her conduct toward him and the respondent. He also stated that, "[i]n the trusts that I have provided for all my children . . . each of you have received substantial amounts of money." He further stated that the petitioner should request funds for her children's college educa-

tion "from the trustee . . . [the respondent]." Additionally, he stated that the petitioner had "threatened to sue [the respondent], the trustee and the trust as well," and that she was "depleting [the Hoppenstein Trust] with legal expenses." By order entered November 26, 2012, the Supreme Court denied the motion for leave to renew.

A motion for leave to renew must, inter alia, be based upon new facts not previously offered that would change the prior determination (*see* CPLR 2221 [e]; *Swedish v Beizer*, 51 AD3d 1008, 1010 [2008]). "A motion for leave to renew is addressed to the sound discretion of the motion court" (*Matter of Gold v Gold*, 53 AD3d 485, 487 [2008]). Here, the Supreme Court providently exercised its discretion in denying the petitioner's motion for leave to renew the petition. The motion was not based upon new facts which would change the court's prior determination (*see* CPLR 2221 [e] [2]; *Swedish v Beizer*, 51 AD3d at 1010).

The petitioner's remaining contentions are without merit. Eng, P.J., Austin, Hinds-Radix and LaSalle, JJ., concur.