In a proceeding pursuant to SCPA 2102 to compel an accounting of trust assets, the petitioner appeals from an order of the Surrogate’s Court, Westchester County (Scarpino, Jr., S.), entered October 1, 2012, which denied her motion for leave to renew her petition, which had been denied in an order of the same court entered November 30, 2011.
Ordered that the order entered October 1, 2012, is affirmed, with costs.
In October 2005, Reuben Hoppenstein, the father of the petitioner, Cheryl Lynne Hoppenstein, created the Cheryl Hoppenstein Trust (hereinafter the Hoppenstein Trust) for the petitioner. In 2011, the petitioner commenced this proceeding in the Surrogate’s Court to compel an accounting of a lifetime trust which she identified in the petition as “the lifetime trust that is not [the Hoppenstein Trust],” alleging, inter alia, that the respondent’s counsel had stated to her that the unidentified trust existed and that the respondent, Reuben’s brother, was its trustee. By order entered November 30, 2011, the Surrogate’s Court denied the petition on the grounds, inter alia, that the petitioner was engaging in a fishing expedition and had failed to identify the purported trust.
*1000 The petitioner subsequently moved for leave to renew the petition. In support of her motion, she submitted, inter alia, a letter from Reuben dated April 3, 2012 (hereinafter the April 2012 letter), in which Reuben expressed his anguish, sorrow, and anger at her conduct toward him and the respondent. He also stated that, “[i]n the trusts that I have provided for all my children . . . each of you have received substantial amounts of money.” He further stated that the petitioner should request funds for her children’s college education “from the trustee . . . [the respondent].” Additionally, he stated that the petitioner had “threatened to sue [the respondent], the trustee and the trust as well,” and that she was “depleting [the Hoppenstein Trust] with legal expenses.”
By order entered October 1, 2012, the Surrogate’s Court denied the petitioner’s motion for leave to renew her petition on the ground that the April 2012 letter did not constitute new facts which would have changed the prior determination.
A motion for leave to renew must, inter alia, be based upon new facts not previously offered that would change the prior determination (see CPLR 2221 [e]; Swedish v Beizer, 51 AD3d 1008, 1010 [2008] [citation and internal quotation marks omitted]). “A motion for leave to renew is addressed to the sound discretion of the motion court” (Matter of Gold v Gold, 53 AD3d 485, 487 [2008]).
The Surrogate’s Court providently exercised its discretion in denying the petitioner’s motion for leave to renew the petition. The petitioner’s motion was not based upon new facts which would change the court’s prior determination (see CPLR 2221 [e] [2]; Swedish v Beizer, 51 AD3d at 1010). Contrary to the petitioner’s contention, the mere references in the April 2012 letter to trusts that Reuben established for his children and to the respondent as a trustee did not establish the existence of a second unidentified trust of which the petitioner was a beneficiary.
The petitioner’s remaining contentions are without merit.
Eng, PJ., Austin, Hinds-Radix and LaSalle, JJ., concur.