Chtchannikova v City of New York (2019 NY Slip Op 05514)





Chtchannikova v City of New York


2019 NY Slip Op 05514


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-08164
 (Index No. 6079/11)

[*1]Ludmila Chtchannikova, respondent,
v
City of New York, et al., defendants, .N.A. Utility Contracting Co., Inc., appellant (and a third-party action).


James J. Toomey, New York, NY (Michael J. Kozoriz of counsel), for appellant.
Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Sandra R. Beron and Stephen Revis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant V.N.A. Utility Contracting Co., Inc., appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated July 31, 2017. The order, insofar as appealed from, denied that branch of the motion of that defendant which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant V.N.A. Utility Contracting Co., Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is granted.
The plaintiff allegedly was injured when she tripped and fell on a hole in a crosswalk while crossing a street in Brooklyn. She thereafter commenced this personal injury action against, among others, the defendant Verizon New York, Inc. (hereinafter Verizon), which had been issued permits to perform certain work in the vicinity, and the defendant V.N.A. Utility Contracting Co., Inc. (hereinafter VNA). Verizon had hired VNA to install PVC conduit to protect Verizon wiring in the area. VNA moved, inter alia, for summary judgment dismissing the complaint insofar as
asserted against it on the ground that it did not perform any work in the crosswalk where the plaintiff fell. In support of its motion, VNA submitted evidence that the plaintiff fell in the southeasterly crosswalk on Brighton 14th Street at or near its intersection with Brighton Beach Avenue, and that the work that VNA performed, which included digging up roads in order to install PVC conduit, and then restoring the roads, was on the north side of the road on Brighton Beach Avenue, and not on Brighton 14th Street. In opposition to the motion, the plaintiff submitted the unsworn report of a consulting engineer, who reviewed Google photographs of the intersection where the plaintiff's fall occurred. The engineer stated that trench work depicted in the photographs appeared similar in design to trench work conducted by VNA, and the two trenches were "most likely . . . constructed by the same contractor." In the order appealed from, the Supreme Court, inter alia, denied that branch of VNA's motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff had raised a triable issue of fact as to whether VNA created the defect that caused the plaintiff's fall. VNA appeals.
VNA established its prima facie entitlement to judgment as a matter of law by [*2]providing evidence that it did not perform work on the road where the alleged accident occurred (see Igneri v Triumph Constr. Corp., 166 AD3d 737, 738; Lewis v City of New York, 82 AD3d 1054, 1055; Kruszka v City of New York, 29 AD3d 742, 743-744; Flores v City of New York, 29 AD3d 356, 358). In opposition, the plaintiff failed to produce admissible evidence sufficient to establish that a material issue of fact exists (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). The engineer's report submitted by the plaintiff was unsworn and failed to specify the purported expert's qualifications (see Bellaflores v Town of Oyster Bay, 256 AD2d 290, 291; Hagan v General Motors Corp., 194 AD2d 766, 768). Further, the engineer relied on unauthenticated photographs without evidence that such photos depicted the location of the alleged accident in the same condition as it was on the date of the alleged accident (see Gover v Mastic Beach Prop. Owners Assn., 57 AD3d 729, 731; Hlenski v City of New York, 51 AD3d 974, 975; Lowenthal v Theodore H. Heidrich Realty Corp., 304 AD2d 725, 726). In addition, the engineer's speculation as to VNA's involvement was insufficient to defeat VNA's motion for summary judgment (see Hanze v City of New York, 166 AD3d 734, 735; Trombetta v G.P. Landscape Design, Inc., 160 AD3d 677, 679; Hanley v City of New York, 139 AD3d 800, 802). Accordingly, the Supreme Court should have granted that branch of VNA's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court