Matter of Senat v Uber Tech. Inc. (2025 NY Slip Op 50335(U))

[*1]

Matter of Senat v Uber Tech. Inc.

2025 NY Slip Op 50335(U)

Decided on March 18, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 18, 2025
Supreme Court, Kings County

In the Matter of the Application of Pierre Senat, MACKENDIE ST. LOUIS, 
 and HARRY PIERRE to stay arbitration, Petitioners,

against
Uber Technologies, Inc., UBER USA, LLC, RASIER-NY, LLC, Respondents, 
 and MAHBUB ALI and SAEED AKHTAR, Proposed Additional Respondents.

Index No. 511290/2024

The Noll Law Firm, P.C., Syosset (Nancy Tang of counsel), for Petitioners.
Gerber, Ciano, Kelly, Brady LLP, Garden City (Robert Botticelli of counsel), for Respondents.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 49, 51-66.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had[FN1]
, the within matter is determined as follows.
Issue
Does a decision in a separate case by a different judge at the same court level constitute a [*2]change in the law under CPLR 2221 (e) (2)[FN2]
 and therefore justify a new ruling on the previously decided motion, which would be different from that embodied in this Court's October 23, 2024 order?

Introduction
On October 23, 2024, this Court denied the cross-motion of Respondents Uber Technologies, Inc., Uber USA, LLC, and Raiser-NY, LLC's ("Uber," "Uber Respondents," or "Respondents") to compel arbitration of Petitioners Pierre Senat and Mackendie St. Louis's ("Senat and St. Louis") claims against them for personal injuries, but granted it with respect to Petitioner Harry Pierre (see NYSCEF Doc No. 49). Uber Respondents seek an order pursuant to CPLR 2221 (e) granting leave to renew this Court's order dated October 23, 2024, and, upon renewal, granting the cross-motion in its entirety (see NYSCEF Doc No. 51). The motion to renew specifically cites the decision in Barrett v Uber Tech., Inc., 2024 WL 4871526 [Sup Ct, Kings County 2024]) by Hon. Rupert V. Barry, Justice, on September 10, 2024 (see NYSCEF Doc No. 52 ¶ 4).

Background
On September 15, 2021, Petitioners, were passengers in a vehicle driven by Proposed Additional Respondent, Saeed Akhtar, an Uber driver (see NYSCEF Doc No. 52). The ride had been booked through one of the Petitioners, Harry Pierre, on the Uber app, who was also a passenger in the vehicle (id.). The three were injured in an accident and seek damages for alleged personal injuries. This Court ruled on October 23, 2024 that Pierre Senat and Mackendie St. Louis, as passengers who did not book the ride and never had a registered account on the Uber app before the accident, were not bound by the updated terms through Harry Pierre's acceptance of the ride on the app and, therefore, did not agree to the arbitration provision in Uber's terms of use (see NYSCEF Doc No. 49).

Respondents' Position
Uber Respondents argue that Barrett constitutes a recently decided decision that was not readily available to Uber or the Court at the time of their motion to compel arbitration or for the Court to consider during the original oral argument of October 23, 2024 (see NYSCEF Doc No. 52). Respondents' counsel further argued during oral arguments on January 31, 2025 that the Barrett decision was only filed on November 19, 2024 and, therefore, there was no opportunity to take into account the decision (see NYSCEF Doc No. 64). Since the decision involved Uber itself, Uber might have been aware of it. However, Uber had retained different counsel for the Barrett case, which allegedly resulted in the inability of counsel to consider the decision's [*3]effect in a timely manner for their previous motion in this case (id.).[FN3]

In Barrett, an individual named Harry Dunbar requested a ride via his Uber account on behalf of the petitioner, Latik Barrett (see NYSCEF Doc No. 61). In that case, the Court held that although Barrett was not a signatory to Uber's Terms of Use and did not have his own Uber account, he was considered an intended third-party beneficiary of the agreement between Uber and Dunbar (id.). Consequently, Barrett was bound by the arbitration clause within Uber's terms of use (id.).
Moreover, Respondents assert that the Barrett case constitutes a "change in the law" pursuant to CPLR 2221 (e) (2), as Senat and St. Louis were aware of the arrangement and became third-party beneficiaries of Uber's services when they joined the ride with the other Petitioner, Harry Pierre, thereby falling within the scope of the Barrett case (see NYSCEF Doc No. 64).
Additionally, Respondents cite a decision from the Appellate Division, First Department, Wu v Uber Tech. Inc. (219 AD3d 1208 [1st Dept 2023]), decided in November 2023 (see NYSCEF Doc No. 65). This case was referenced in Uber's reply papers (see NYSCEF Doc No. 65).[FN4]

In Wu, the First Department upheld Uber's Arbitration Agreement, finding it valid and enforceable that when an individual clicks a checkbox agreeing to terms and conditions on the Uber app, this is a form of consent to the terms of arbitration (id.). Here, Respondents argue that this decision applies to the present case, asserting that Senat and St. Louis affirmatively agreed to the terms and conditions of arbitration and are therefore subject to and bound by the Arbitration Agreement to which Harry Pierre consented by clicking the checkbox for them (id.).

 Petitioners' Position
Petitioners argue that the motion to renew submitted by Respondents does not satisfy the requirements set forth in CPLR 2221 (e) on the grounds that the Barrett decision was issued over a month prior to this Court's decision and thus could have been presented by Respondents in support of their cross-motion had they so chosen (see NYSCEF Doc No. 63).
Petitioners argue also that Barrett should not be considered a change in the law, including because the facts are distinguishable from those here (id.): Respondents have not established that Senat and St. Louis were aware that they were entering a vehicle summoned by the Uber app or that the ride was initiated on their behalf (id.). Petitioners refer to Hamilton v Uber Technologies, Inc., 2023 WL 5887021 [SDNY 2023], wherein the United States District Court for the Southern District of New York found that the plaintiff treated the individual whose account was used to obtain rides as his "car service provider." This indicated that the plaintiff intended to use and benefit from the Uber app (id.). In the present case, no evidence has been [*4]submitted that Petitioners Senat and St. Louis knew an Uber was being summoned or that the vehicle was obtained for their benefit (id.).

Discussion
Before determining whether Petitioners Senat and St. Louis fall within the same scope as the petitioner in Barrett, the Court must first decide whether Barrett constitutes a "change in the law" under CPLR 2221 (e) (2).
Whether to grant a motion to renew lies within the discretion of the court (see Hoppenstein v Hoppenstein, 118 AD3d 998, 989 [2d Dept 2014]). Pursuant to CPLR 2221 (e) (2), there needs to have been a change in the law that would change the prior determination (CPLR 2221 [e] [2]). In addition, the moving party must present a reasonable justification for not presenting the new facts on the prior motion. The statutory language in CPLR 2221 (e) (2) does not explicitly define what constitutes a "change in the law." The Second Department has ruled in several cases that a clarification of decisional law is a sufficient change in the law to support a motion for leave to renew (see McLaughlin v Snowlift, Inc., 214 AD3d 720, 721 [2d Dept 2023]. Barrett does not constitute a clarification of decisional law. It is merely the decision of another trial court judge which is not binding on courts of coordinate jurisdiction (see D'Alessandro v Carro, 123 AD3d 1, 6 [1st Dept 2014]). Barrett has not been reviewed by the Appellate Division (cf. Washington Apts., L.P. v Oetiker, Inc., 43 Misc 3d 265 [Sup Ct, Erie County 2013]).
Moreover, while in Barrett, the plaintiff relied on the Uber customer to arrange for a ride, there is nothing before this Court to indicate that such was the situation in the case at bar. Given this factual distinction, applying the law in the Barrett case would not alter the Court's determination of the prior motion by Uber to compel arbitration. The Barrett case does not specifically address the awareness of passengers regarding the updated arbitration terms through another passenger who booked the ride and is also physically present in the transport vehicle. Instead, it concerns the awareness by a passenger of the arbitration terms through their use of a "car service provider" who is not physically present and is specifically tasked with booking an Uber for the passenger's benefit.
For the foregoing reasons, although the Barrett decision was not readily available, this Court declines to grant leave to Respondents to renew their motion to compel arbitration by Senat and St. Louis of their personal injury claims.
Furthermore, there exist separate and independent grounds for denial of Respondents' motion seeking leave to renew. IAS Part 2 Rules provide, as are relevant herein, as follows:
§ 25. Reargument or renewal. All motions for reargument or renewal shall include the following from the motion concerning which reargument or renewal is sought:
a. transcript of any previously held oral argument and any decision rendered from the bench,
b. any written decision,
c. order and/or judgment, and
d. complete set of the papers originally submitted by all parties. (See Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings [*5]County 2023].)
(https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml, IAS Part 2 Rules, Part II, Subpart B, § 25.)
Respondents failed to comply with IAS Part 2's Rules by not submitting a transcript of the prior argument and the Court's orally dictated decision from October 23, 2024. This has impaired the Court's ability to fully consider Respondents' motion because the decision dictated in open court has not been provided. It is also unfair to Petitioners, who are confronted with defending a prior decision without being provided with a copy.
As was stated in this Court's decision in Brick&Mortar LLC v Momo Sushi Inc. (79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U], *4 [Sup Ct, Kings County 2023]),
The second reason for denying Plaintiff's motion is that it failed to submit with its motion papers a copy of the February 22, 2023 transcript wherein the Court's prior decision can be found following oral argument. Without providing the court with a copy of the decision, this Court cannot render an informed decision on the merits of the prior decision (see John Hancock Life Ins. Co. of New York v Hirsch, 2009 WL 6824914 [Sup Ct, Westchester County, Sept. 9, 2009, No. 2703/2008], affd 77 AD3d 710 [2d Dept 2010] ["the defendant (failed) to annex a copy of the Court's previous Decision. . . . Without providing the Court with all the prior papers, it is virtually impossible to evaluate whether or not this Court overlooked or misapprehended any matters of fact or law in its Order, or whether in the present motion defendant included any matters of fact not offered on the prior motions."]).
This Court conducts motion proceedings on the record as a means of preserving oral argument should the need arise to consult it. Most often, decisions are rendered in open court on the record, followed by the issuance of a brief order. Reference to the decision on the record is an imperative to properly understand the reasons for this Court's determination. Here, Plaintiff failed to provide the court with a transcript of what transpired on February 22, 2023 with respect to its summary judgment motion.
Reading the order it is readily apparent that it contains no reasoning  merely the outcome. The order recites that a decision was rendered on the record in open court. (See NYSEC Doc No. 152, Order of February 22, 2023.) This placed Plaintiff on notice that a decision existed  that it was on the record. Plaintiff should have inquired from the Part Clerk as to which court reporter was present that day and then requisitioned a transcript of the proceedings. It did not do so.
A trial court possesses the right to enforce the rules governing practice and procedure before it (e.g. Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126 [2d Dept 2023] [motion relating to disclosure must be accompanied by moving counsel's affirmation attesting to having conferred with opposing counsel in good faith effort to resolve issues]; McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446 [3d Dept 2021] [memorandum of law page limit]; Hornsby v Cathedral Parkway Apts. Corp., 179 AD3d 584 [1st Dept 2020] [affirmation page limit]; Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019] [Matrimonial Part rules]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019] [60-day summary judgment motion deadline]; Shah v RBC Capital Mkts. LLC, 115 AD3d 444 [1st Dept 2014] [all outstanding discovery matters to be raised at compliance conferences]; Biscone v Jetblue [*6]Airways Corp., 103 AD3d 158 [2d Dept 2012] [provide working copies of electronically-filed documents]; Maddus v Bowman, 12 AD2d 626 [2d Dept 1960] [Statement of Readiness Rule requiring plaintiff to furnish authorization to obtain hospital records]; Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023] [adjournment requests must contain specified data and be submitted three days in advance]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023] [identify party seeking adjournment and good cause reason]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023] [submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044[U] [Sup Ct, NY County 2022] [no motions allowed until conference is held]; Bedingfield v Dairymade Farms, Inc., 46 Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] [rule requiring statement of readiness be filed with note of issue "is consistent with the inherent power of the Court to control its business"]; Scully v Jefferson Truck Renting Corp., 43 Misc 2d 48 [Sup Ct, Kings County 1964] [statement of readiness be filed with note of issue]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008] [IAS Part rule not in effect when preliminary conference order issued, resulting in application of Local Rules]). "[I]t is within the court's inherent and statutory power to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures" (Maddaud v Bowman, 12 AD2d 626, 626 [2d Dept 1960]).
Noncompliance with this Court's rule requiring transcripts of prior proceedings to be provided on motions for reargument or renewal alone merits denial of the within motion.

Conclusion
Accordingly, IT IS HEREBY ORDERED that Respondents' motion to renew is DENIED.

Footnotes

Footnote 1: Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2: CPLR 2221 (e) provides the following in pertinent part: "A motion for leave to renew: . . . 2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and 3. shall contain reasonable justification for the failure to present such facts on the prior motion."

Footnote 3: This Court takes notice of certain dates in the NYSCEF case folder for the Barrett case. Justice Barry's decision was dated September 10, 2024, and it first was entered on NYSCEF on November 19, 2024 (see NYSCEF Doc No. 43 in Barrett v Uber Techs., Inc., Index No. 514997/2024 [Sup Ct, Kings County]).

Footnote 4: Wu was affirmed by the Court of Appeals on November 25, 2024 (2024 NY Slip Op 05869).