■ KASHAN ROBINSON, Appellant, v ROLLINS LEASING CORP. et al., Defendants, and LYNISE WALTERS, Respondent. [734 NYS2d 83] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated February 28, 2001, as granted her motion to strike the answer of the defendant Lynise Walters only to the extent that it precluded that defendant from producing evidence at trial unless she submitted to a deposition within a certain time.

Ordered that the order is reversed insofar as appealed from, with costs, and the motion is granted to the extent that the answer of Lynise Walters shall be stricken unless she submits to a deposition; and it is further,

Ordered that the deposition shall be held at a time and place to be specified in a notice of not less than 30 days to be given by the plaintiff and served upon the attorney for the defendant Lynise Walters.

In opposition to the plaintiff's motion to strike the answer of the defendant Lynise Walters, her attorney merely alleged that his office had written to her at her last known address but had difficulty communicating with her. The attorney did not detail any other good-faith efforts made to contact Walters. The fact that a defendant has disappeared or made herself unavailable provides no basis for denying a motion to strike her answer for failure to appear at a deposition (*see, Torres v Martinez*, 250 AD2d 759). Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in

conditionally precluding Walters from producing evidence at trial, rather than conditionally striking her answer. Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.