■ JOSE NOWAK, Respondent, v ANNETTE C. VEIRA et al., Appellants. [737 NYS2d 372] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Milano, J.), dated July 26, 2001, as granted their motion to dismiss the complaint only to the extent that the plaintiff was conditionally precluded from offering evidence at trial as to his physical condition unless he arranged for medical examinations and a deposition on or before September 30, 2001, and that in the event the defendants failed to schedule the examinations and deposition prior to September 30, 2001, the failure would be deemed a waiver of those discovery rights.

Ordered that the order is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, the motion is granted unconditionally, and the complaint is dismissed.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" is a matter within the discretion of the Supreme Court (CPLR 3126; *see, Zletz v Wetanson,* 67 NY2d 711; *DeJulio v Wulf,* 260 AD2d 425; *Brady v County of Nassau,* 234 AD2d 408). The plaintiff's willful and

contumacious conduct may be inferred from his repeated failure to comply with the court-ordered discovery schedule, and his failure to appear at scheduled depositions and medical examinations for more than two years, despite his counsel's agreement pursuant to written stipulations that he would comply. The Supreme Court improvidently exercised its discretion by failing to dismiss the complaint unconditionally under these circumstances (*see, Zletz v Wetanson, supra; Rivers v Embassy Club,* 207 AD2d 876). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.