■ CLAUDETTE KENNEDY et al., Respondents, v JUAN CLASS, Appellant, et al., Defendants. [739 NYS2d 293] —In an action to recover damages for personal injuries, etc., the defendant Juan Class appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated October 23, 2000, as conditionally granted the plaintiffs' motion to strike his answer unless, by a date certain, he produced the hammer allegedly used to strike the injured plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed is a matter within the discretion of the court (*see,* CPLR 3126; *Zletz v Wetanson,* 67 NY2d 711; *Nowak v Veira,* 289 AD2d 383). The Supreme Court providently exercised its discretion in conditionally striking the appellant's answer. The appellant disobeyed a prior order compelling him to produce the hammer in question, and the mere fact that the appellant has disappeared or made himself unavailable provides no basis to preclude the imposition of sanctions for the failure to obey the disclosure order (*see, Torres v Martinez,* 250 AD2d 759; *Gonzalez v Paniccioli,* 174 AD2d 709). Prudenti, P.J., Florio, S. Miller, Friedmann and Adams, JJ., concur.