■ CLAUDETTE KENNEDY et al., Respondents, v JUAN CLASS, Appellant, et al., Defendants. [739 NYS2d 293] —In an action to recover damages for personal injuries, etc., the defendant Juan Class appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated October 23, 2000, as conditionally granted the plaintiffs' motion to strike his answer unless, by a date certain, he produced the hammer allegedly used to strike the injured plaintiff.

■ CLAUDETTE KENNEDY et al., Appellants, v JUAN CLASS et al., Respondents. [740 NYS2d 78] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (LeVine, J.), dated June 19, 2001, which denied their motion to restore the action

to the trial calendar without prejudice to renewal upon submission of proper papers, and (2), as limited by their brief, from so much of an order of the same court, dated September 26, 2001, as upon, in effect, granting renewal, adhered to its prior determination.

Ordered that the appeal from the order dated June 19, 2001, is dismissed, as that order was superseded by the order dated September 26, 2001, made upon renewal; and it is further,

Ordered that the order dated September 26, 2001, is modified, on the law, by deleting therefrom the provision adhering to so much of the prior determination as denied the plaintiffs' motion to restore the action to the trial calendar, and substituting therefor a provision granting the motion to the extent that the plaintiffs' action against the defendant Juan Class is restored to the trial calendar for an assessment of damages, as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents John Park and Inhee Park are awarded one bill of costs.

A plaintiff seeking to restore an action to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate (1) a reasonable excuse for the failure to timely restore, (2) a meritorious cause of action, (3) a lack of intent to abandon the matter, and (4) a lack of prejudice to the opposing party (*see, Basetti v Nour,* 287 AD2d 126; *Yousian v New York Med. Ctr. Hosp. of Queens,* 277 AD2d 449). We agree with the Supreme Court that the plaintiffs' action should not be restored as against the defendants John Park and Inhee Park because the plaintiffs failed to demonstrate a meritorious cause of action as against them.

However, the plaintiffs' action should be restored as against the defendant Juan Class. While the plaintiffs failed to move to restore the action within one year of it being marked off the trial calendar, the plaintiffs did move within that year to strike Class's answer for failure to comply with discovery. That motion was decided by an order dated October 23, 2000, which conditionally struck Class's answer unless he produced the requested material by December 29, 2000 (*see, Kennedy v Class,* 292 AD2d 503 [decided herewith]). When Class failed to comply, that conditional order became absolute, and Class's answer was effectively stricken on December 29, 2000, within one year of the date the action was marked off the calendar (*see, Ciancimino v Roth,* 286 AD2d 696). The Supreme Court (Taylor, J.) subsequently recognized this in an order dated April 17, 2001, inter alia, striking Class's answer. Since li-

ability against Class was effectively determined within one year of the matter being marked off the calendar, we see no impediment to the plaintiffs' action being restored as against him for an assessment of damages. Prudenti, P.J., Florio, S. Miller, Friedmann and Adams, JJ., concur.