■ WILLIAM BATES et al., Respondents, v CHRISTOPHER BAEZ et al., Appellants, and 85 THEODOR FREMD AVENUE CORP., Respondent. [749 NYS2d 424] —In an action to recover damages for personal injuries, etc., the defendants Christopher Baez and C.B. Moving & Handling appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 10, 2001, which granted the plaintiffs' motion to strike their answer pursuant to CPLR 3126 for failure to appear for an examination before trial, and granted the separate motion of the defendant 85 Theodor Fremd Avenue Corp. to strike their answer on the same ground, and for summary judgment on its cross claim for indemnification.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

To invoke the drastic remedy of striking a pleading, the Supreme Court must determine that the party's failure to comply with a disclosure order was the result of willful, deliberate, and contumacious conduct or its equivalent. The willful and contumacious character of a party's conduct can be inferred from his or her repeated failures to appear for examination before trial, coupled with inadequate excuses for these defaults. It is also well settled that the determination whether or not to strike a pleading lies within the sound discretion of the trial court (see CPLR 3126; Patterson v Greater N.Y. Corp. of Seventh Day Adventists, 284 AD2d 382). The fact that a defendant has disappeared or made himself or herself unavailable is not a basis for denying a motion to strike his or her answer for failure to appear at a deposition (see Robinson v Rollins Leasing Corp., 288 AD2d 367; Torres v Martinez, 250 AD2d 759). Under the circumstances of this case, the Supreme Court providently exercised its discretion in striking the appellants' answer based on the repeated and inadequately explained failure of the defendant Christopher Baez to appear for an examination before trial.

In addition, the defendant 85 Theodor Fremd Avenue Corp. established a prima facie entitlement to summary judgment on its cross claim for indemnification (see generally LePore v DiCarlo, 272 AD2d 878). The appellants failed to raise an issue of fact sufficient to defeat summary judgment. Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.