■ EUSTACHE MAIGNAN et al., Respondents, v AYNUN NAHAR, Appellant. [830 NYS2d 249]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Silverman, J.), dated April 17, 2006, which conditionally granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendant's answer unless he appeared for a deposition within a specified time.

Ordered that the order is affirmed, with costs.

To invoke the drastic remedy of striking an answer, it must be shown that a defendant's failure to comply with a disclosure order was the result of willful and contumacious conduct (see CPLR 3126; Bates v Baez, 299 AD2d 382 [2002]). The willful and contumacious character of a party's conduct can be inferred from the repeated failures to comply with court-ordered discovery, coupled with inadequate explanations for these defaults (see Kihl v Pfeffer, 94 NY2d 118 [1999]; Bates v Baez, supra; Patterson v Greater N.Y. Corp. of Seventh Day Adventists, 284 AD2d 382 [2001]). In opposition to that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendant's answer, the defendant's attorney merely alleged that his office had difficulty communicating with the defendant, and thus, it was unable to produce him for a deposition. Contrary to the defendant's contention, the fact that he had disappeared or made himself unavailable did not provide a basis for denying that branch of the plaintiffs' motion which was to strike his answer for his failure to appear at a deposition and to comply with a court-ordered discovery request (see Bates v Baez, supra; Kennedy v Class, 292 AD2d 503 [2002]; Robinson v Rollins Leasing Corp., 288 AD2d 367 [2001]; Torres v DeCordova, 262 AD2d 399 [1999]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in conditionally striking the defendant's answer.

Motion by the respondents on an appeal from an order of the Supreme Court, Kings County, dated April 17, 2006, inter alia, to strike pages 52 through 54 of the record on appeal and all

references to those pages in the appellant's main brief and reply brief on the ground that they contain or refer to matter dehors the record. Cross motion by the appellant, inter alia, to enlarge the record on appeal to include a certain three-page report of Top Flight Investigations dated October 14, 2005. By decision and order on motion of this Court dated December 6, 2006, those branches of the motion and cross motion were referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the cross motion, and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to strike pages 52 through 54 of the record on appeal and all references in the appellant's main brief and reply brief on the ground that they contain or refer to matter dehors the record is granted and that material has not been considered in the determination of the appeal; and it is further,

Ordered that the branch of the cross motion which is to enlarge the record on appeal to include a certain three-page report of Top Flight Investigations dated October 14, 2005, is denied. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.