■ FRANK RICCUITI, Respondent, v CONSUMER PRODUCT SERVICES, LLC, et al., Appellants. [895 NYS2d 746]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Palmieri, J.), dated September 15, 2008, which granted the plaintiff's motion for summary judgment on the issue of liability and pursuant to CPLR 3126 to strike the answer insofar as asserted on behalf of the defendant Yacek Kowalski.

Ordered that the order is affirmed, with costs.

On the morning of December 30, 2005 the plaintiff, a tractor-trailer operator, was delivering merchandise to a warehouse owned by the defendant Consumer Product Services, LLC (hereinafter CPS), when he allegedly was struck by a forklift operated by the defendant Yacek Kowalski, a CPS employee. The plaintiff commenced this action to recover damages against both CPS and Kowalski. Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability and pursuant to CPLR 3126 to strike the answer insofar as asserted on behalf of Kowalski, based upon Kowalski's failure to appear for a court-ordered deposition.

The evidence submitted by the plaintiff in support of his motion established, prima facie, that the underlying accident was caused solely by Kowalski's negligence in operating the forklift (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the defendants failed to submit any admissible evidence which raised a triable issue of fact (*see* CPLR 3212 [b]).

"Although actions should be resolved on the merits whenever possible, where the conduct of the resisting party is shown to be willful and contumacious, the striking of a pleading is warranted" (*Savin v Brooklyn Mar. Park Dev. Corp.*, 61 AD3d 954, 954 [2009]). Here, the Supreme Court providently exercised its discretion in striking the answer insofar as asserted on behalf of Kowalski. The record reflects that the answer was interposed on behalf of both defendants, and that Kowalski did not raise any defenses based upon lack of personal jurisdiction. In opposition to that branch of the plaintiff's motion which was to strike the answer insofar as asserted on behalf of Kowalski, defense counsel represented that his office was unable to locate Kowalski and, therefore, could not produce him for a deposition. The mere fact that Kowalski may have been outside the state of New York, and had made himself unavailable, did not preclude the Supreme Court from striking the answer insofar as interposed by him for failure to appear at a court-ordered deposition (*see Carabello v Luna*, 49 AD3d 679, 680 [2008]; *Maignan v Nahar*, 37 AD3d 557 [2007]). Dillon, J.P., Florio, Miller and Austin, JJ., concur.