■ INGA SADOYAN, Respondent, v FELIX CASTRO et al., Appellants. [957 NYS2d 735]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (McDonald, J.), entered July 20, 2011, which conditionally granted that branch of the plaintiff's motion pursuant to CPLR 3126 which was to strike the answer of the defendant

Felix Castro unless that defendant appeared for a deposition within a specified time.

Ordered that the order is affirmed, with costs.

This action arose out of an automobile collision that occurred on April 28, 2007, in Astoria, Queens, between a motor vehicle owned by the defendant Litza Lores and operated by the defendant Felix Castro, and a motor vehicle operated by the plaintiff. The parties agree that Lores's liability, if any, for the plaintiff's alleged injuries is vicarious to Castro's liability. Castro, however, repeatedly failed to appear for a deposition, despite numerous orders of the Supreme Court directing him to appear. The plaintiff moved pursuant to CPLR 3126 to strike Castro's answer or, in the alternative, preclude him from testifying at trial. The defendants opposed the motion. The Supreme Court conditionally granted that branch of the motion which was to strike Castro's answer unless he appeared for a deposition on a date certain. The defendants appeal.

Actions should be resolved on the merits when possible, but a court may strike a defendant's answer upon a clear showing that the defendant willfully and contumaciously failed to comply with court-ordered discovery (*see* CPLR 3126 [3]; *Rawlings v Gillert*, 78 AD3d 806, 807 [2010]; *Giano v Ioannou*, 78 AD3d 768, 770-771 [2010]; *Carabello v Luna*, 49 AD3d 679, 679-680 [2008]). Here, Castro failed to appear for a court-ordered deposition on three separate dates over a nine-month period. Moreover, the defendants failed to substantiate a reasonable excuse for those failures. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in conditionally striking Castro's answer (*see Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922, 924 [2012]; *Rawlings v Gillert*, 78 AD3d at 807; *Riccuiti v Consumer Prod. Servs., LLC*, 71 AD3d 754, 755 [2010]; *Carabello v Luna*, 49 AD3d at 679-680).

The parties' remaining contentions do not require a different result. Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.