SECOND DEPARTMENT, APRIL, 2013

(April 3, 2013)

■ JEFFREY ALMONTE et al., Respondents, v ROLANDO PICHARDO et al., Appellants. [962 NYS2d 650]—

In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Queens County (Taylor, J.), entered February 3, 2012, which conditionally granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike their answer unless, inter alia, they appeared for depositions within a specified time, and (2) an order of the same court entered October 18, 2012, which granted the plaintiffs' motion, in effect, to strike their answer and for summary judgment on the issue of liability.

Ordered that the orders are affirmed, with one bill of costs.

On November 12, 2007, the infant plaintiff was injured when he was struck by a vehicle operated by the defendant Rolando Pichardo and owned by the defendant Torigar Corp. After the defendants failed to appear for their court-ordered depositions, the plaintiffs moved pursuant to CPLR 3126 to strike the answer or for a judgment by default. The defendants opposed the motion. By order entered February 3, 2012, the Supreme Court conditionally granted that branch of the plaintiffs' motion which was to strike the answer unless, inter alia, the defendants appeared for depositions within a specified time. When the defendants failed to appear for their depositions within the specified time period, the plaintiffs moved, in effect, to strike the answer and for summary judgment on the issue of liability. The defendants opposed the motion. The Supreme Court granted the motion.

A court may, inter alia, issue an order "striking out pleadings or . . . rendering a judgment by default" as a sanction against a party who "refuses to obey an order for disclosure or wilfully

fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126 [3]). While actions should be resolved on the merits when possible, a court may strike an answer upon a clear showing that the defendants' failure to comply with a disclosure order was the result of willful and contumacious conduct (*see Carabello v Luna*, 49 AD3d 679 [2008]; *Maignan v Nahar*, 37 AD3d 557 [2007]; *Espinal v City of New York*, 264 AD2d 806 [1999]). Here, defense counsel asserted that he could not produce the individual defendant for deposition because he could not secure his cooperation or locate him. The defendants failed to substantiate a reasonable excuse for the individual defendant's failure to appear for a court-ordered deposition (*see Sadoyan v Castro*, 102 AD3d 666, 667 [2013]; *Carabello v Luna*, 49 AD3d at 680; *Duncan v Hebb*, 47 AD3d 871 [2008]; *Maignan v Nahar*, 37 AD3d at 557; *Bates v Baez*, 299 AD2d 382 [2002]; *Robinson v Rollins Leasing Corp.*, 288 AD2d 367 [2001]). Furthermore, the defendants failed to demonstrate a reasonable excuse for the corporate defendant's failure to appear for a court-ordered deposition (*see Vaz v New York City Tr. Auth.*, 85 AD3d 902, 903 [2011]; *Commisso v Orshan*, 85 AD3d 845 [2011]). Accordingly, the Supreme Court providently exercised its discretion in issuing a conditional order requiring the defendants, inter alia, to appear for depositions within a specified time or face the sanction of striking their answer.

When the defendants failed to appear for their court-ordered depositions within the specified time, the conditional order entered February 3, 2012, became absolute (*see Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830 [2008]; *Zouev v City of New York*, 32 AD3d 850 [2006]; *Marrone v Orson Holding Corp.*, 302 AD2d 371, 371-372 [2003]). To be relieved of the adverse impact of the order striking their answer, the defendants were required to demonstrate a reasonable excuse for their failure to appear for depositions and a potentially meritorious defense (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 80 [2010]; *Zouev v City of New York*, 32 AD3d 850 [2006]; *Macancela v Pekurar*, 286 AD2d 320 [2001]). The defendants failed to demonstrate either. Thus, their answer was properly stricken.

As a result of having their answer stricken, the defendants were deemed to admit all traversable allegations in the complaint, including the basic allegation of liability (*see Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d at 830; *Curiale v Ardra Ins. Co.*, 88 NY2d 268, 269 [1996]; *Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]). Accordingly, the Supreme Court properly granted that branch of the plaintiffs'

motion which was for summary judgment on the issue of liability (*see Francesco v Empress Ambulance Serv., Inc.*, 100 AD3d 589 [2012]). Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.