■ SUSANNA MANGIONE, Appellant, v JULES J. JACOBS et al., Respondents. [995 NYS2d 136]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her notice of appeal and brief,

from so much of an order of the Supreme Court, Queens County (Markey, J.), dated July 31, 2012, as granted the motion of the defendant Jules J. Jacobs and, in effect, granted that branch of the separate motion of the defendants Ramabel Limo, Inc., and Glener V. Simbana, which was to dismiss the complaint insofar as asserted against each of them based on her spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was a passenger in a hired vehicle owned by the defendant Ramabel Limo, Inc., and operated by the defendant Glener V. Simbana (hereinafter together the Ramabel defendants), when it collided with a vehicle owned and operated by the defendant Jules J. Jacobs. The plaintiff thereafter commenced this action to recover damages for personal injuries. Jacobs moved, and the Ramabel defendants separately moved, inter alia, to dismiss the complaint insofar as asserted against each of them on the ground that the plaintiff repeatedly failed to appear for scheduled independent medical examinations (hereinafter IMEs), or to comply with other discovery demands, as directed in a preliminary conference order, a compliance conference order, and a stipulation. In opposing the defendants' motions, the plaintiff's counsel revealed that the plaintiff had recently undergone a surgical procedure to address an injury that allegedly resulted from or was aggravated by the subject accident. The Supreme Court granted Jacobs's motion and, in effect, granted that branch of the Ramabel defendants' motion which was to dismiss the complaint insofar as asserted against each of them, concluding that the plaintiff destroyed evidence by intentionally undergoing surgery before she had submitted to the IMEs that had been scheduled by the defendants. We affirm, albeit on other grounds.

"The determination whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the trial court" (*Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079, 1081 [2009]; *see Apladenaki v Greenpoint Mtge. Funding, Inc.*, 117 AD3d 976 [2014]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 209 [2012]). "However, the drastic remedy of striking a pleading pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious. Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended

period of time" (*Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922, 923 [2012] [internal quotation marks and citations omitted]; *see Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d 685, 686-687 [2011]). Specifically, contrary to the plaintiff's contention, dismissal of the complaint is warranted where a party repeatedly fails to appear at scheduled IMEs without adequate excuse (*see Dacey v Horror Cafe*, 293 AD2d 511 [2002]; *cf. Nowak v Veira*, 289 AD2d 383 [2001]). It is undisputed that the plaintiff not only missed the scheduled IMEs without any excuse, but also missed the rescheduled IMEs without offering any reasonable excuse. In addition, the plaintiff failed to provide documents reflecting her prior accidents, despite being obligated to do so pursuant to a so-ordered stipulation. Accordingly, the Supreme Court properly granted Jacobs's motion and, in effect, granted that branch of the Ramabel defendants' separate motion which was to dismiss the complaint insofar as asserted against each of them (*see Dacey v Horror Cafe, Inc.*, 293 AD2d at 511; *cf. Nowak v Veira*, 289 AD2d at 384).

In light of the foregoing, there is no need to address the parties' remaining contentions. Dillon, J.P., Hall, Austin and Barros, JJ., concur.