■ Priya Katragadda Ozeri, Respondent, v Victor Ozeri, Appellant. [23 NYS3d 363]—

In an action to set aside a prenuptial agreement, the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Bivona, J.), dated June 17, 2014, which, in effect, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike his answer, and (2), as limited by his brief, from so much of an order of the same court dated

October 16, 2014, as granted that branch of the plaintiff's motion which was for summary judgment setting aside the prenuptial agreement between the parties as unenforceable.

Ordered that the order dated June 17, 2014, is affirmed; and it is further,

Ordered that the order dated October 16, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the Supreme Court" (*Lazar, Sanders, Thaler & Assoc., LLP v Lazar*, 131 AD3d 1133, 1133 [2015]; *see Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 127 AD3d 911, 913 [2015]; *McArthur v New York City Hous. Auth.*, 48 AD3d 431, 431 [2008]). While actions should be resolved on the merits when possible, a court may strike an answer upon a clear showing that the defendant's failure to comply with discovery demands or court-ordered discovery was the result of willful and contumacious conduct (*see Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y.*, 127 AD3d 680, 681 [2015]; *Almonte v Pichardo*, 105 AD3d 687, 688 [2013]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]). "The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse" (*Commisso v Orshan*, 85 AD3d 845, 845 [2011]; *see Espinal v New York City Health & Hosps. Corp.*, 115 AD3d 641, 641 [2014]). Here, the defendant's willful and contumacious conduct can be inferred from his repeated failure to appear for a continued deposition without a reasonable excuse (*see Apladenaki v Greenpoint Mtge. Funding, Inc.*, 117 AD3d 976, 977 [2014]; *Commisso v Orshan*, 85 AD3d at 845; *Mei Yan Zhang v Santana*, 52 AD3d 484, 485 [2008]; *Owolabi v Fairview Nursing Home*, 209 AD2d 678, 679 [1994]). Accordingly, the Supreme Court providently exercised its discretion by, in effect, granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendant's answer.

Under the circumstances of this case, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment setting aside the prenuptial agreement between the parties as unenforceable. Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.