▮ Hindy Teitelbaum et al., Respondents, v Maimonides Medical Center et al., Appellants. [43 NYS3d 66]—

In an action to recover damages for medical malpractice, etc., the defendants Maimonides Medical Center, Arie Schwartz, Pedram Bral, Yellagondahal V. Janardhan, and Suman Agrawal appeal, and the defendant Getl L. Kaspar separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated January 16, 2015, as, in effect, denied their respective motions pursuant to CPLR 3126 to dismiss the

complaint insofar as asserted against each of them unless the infant plaintiff failed to submit to two independent medical examinations on specified dates.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

"The determination whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the trial court" (*Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079, 1081 [2009]; *see Apladenaki v Greenpoint Mtge. Funding, Inc.*, 117 AD3d 976 [2014]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 209 [2012]). "However, the drastic remedy of striking a pleading pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious. Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended period of time" (*Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922, 923 [2012] [citations and internal quotation marks omitted]; *see Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d 685, 686-687 [2011]). Here, the record demonstrates that the parties entered into seven so-ordered compliance conference orders over a nearly two-year period, each agreed to and signed by the parties' attorneys, which postponed the date by which the infant plaintiff was required to submit to two separate independent medical examinations (hereinafter IMEs). Although the defendants contend that the plaintiffs intentionally failed to schedule the IMEs, the record demonstrates that the defendants failed to timely designate doctors to perform the IMEs, and followed up infrequently with the plaintiffs about scheduling the IMEs.

The defendants' remaining contentions are without merit.

Thus, on this record, it cannot be said that the Supreme Court acted improvidently by, in effect, denying the defendants' respective motions pursuant to CPLR 3126 to dismiss the complaint insofar asserted against each of them unless the infant plaintiff failed to submit to two IMEs on specified dates (*cf. Mangione v Jacobs*, 121 AD3d 953, 955 [2014]; *Silberstein v Maimonides Med. Ctr.*, 109 AD3d 812, 813-814 [2013]; *Almonte v Pichardo*, 105 AD3d 687, 687-688 [2013]; *Sadoyan v Castro*, 102 AD3d 666 [2013]; *Orgel v Stewart Tit. Ins.*, 91 AD3d at 923). Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.

Motion by the respondents, inter alia, to dismiss appeals

from an order of the Supreme Court, Kings County, dated January 16, 2015, on the ground that the appeals have been rendered academic. By decision and order on motion of this Court dated September 9, 2015, that branch of the motion which was to dismiss the appeals was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to dismiss the appeals is denied. Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.