Sepulveda v 101 Woodruff Ave. Owner, LLC (2018 NY Slip Op 07771)





Sepulveda v 101 Woodruff Ave. Owner, LLC


2018 NY Slip Op 07771


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-08953
 (Index No. 4164/13)

[*1]Jacqueline Sepulveda, respondent, 
v
101 Woodruff Avenue Owner, LLC, et al., appellants.


Pillinger Miller Tarallo, LLP, Elmsford, NY (Michael Nieri and Ian Lane of counsel), for appellants.
Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (Brielle C. Goldfaden and David M. Schwarz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 20, 2017. The order denied the defendants' motion pursuant to CPLR 3104(d), inter alia, to review and vacate an order of the same court (Martin Schneier, J.H.O./Referee) dated April 17, 2017, conditionally striking the answer, in effect, insofar as asserted on behalf of the defendant Julio Baez.
ORDERED that the order dated July 20, 2017, is affirmed, with costs.
On May 11, 2012, the plaintiff allegedly was attacked and injured by two dogs on the ground floor of a building located at 101 Woodruff Avenue in Brooklyn (hereinafter the subject property), where she resided as a tenant. In March 2013, the plaintiff commenced this action against 101 Woodruff Avenue Owner, LLC (hereinafter Woodruff), the owner of the subject property, Colonial Management Group, LLC (hereinafter Colonial), the managing agent for the subject property, and Julio Baez, the building superintendent who was employed by Colonial at the time of the incident (hereinafter collectively the defendants). The plaintiff alleged, inter alia, that the defendants were negligent in the ownership, management, maintenance, control, and supervision of the subject property and/or the dogs. The defendants interposed a verified answer in October 2013.
In a preliminary conference order dated October 8, 2014, the Supreme Court directed, inter alia, that the parties' depositions be conducted on December 18, 2014. In January 2016, the plaintiff moved pursuant to CPLR 3126 to strike the answer, in effect, insofar as asserted on behalf of Colonial and Baez and to extend the time to file the note of issue. In an order dated March 15, 2016, the J.H.O/Referee, inter alia, directed that Baez be deposed on May 16, 2016, and that the note of issue filing date be extended to July 11, 2016. Thereafter, the plaintiff moved three more times for virtually the same relief due to the failure of Baez to appear for the deposition on May 16, 2016, and on subsequent dates directed by the J.H.O./Referee. In her fourth and final motion, the plaintiff moved pursuant to CPLR 3126 to strike the answer, in effect, insofar as asserted on behalf of Colonial and Baez. In the alternative, she moved to preclude those defendants from testifying at trial and/or to conditionally strike the answer. In an order dated April 17, 2017, the J.H.O./Referee directed that unless Baez appeared for a deposition on or before June 19, 2017, the answer, in effect, insofar as asserted on his behalf, would be stricken.
On April 21, 2017, the defendants moved pursuant to CPLR 3104(d) to review and vacate the April 17, 2017, order. Alternatively, they moved to review and substitute the April 17, 2017, order with an order precluding Baez from testifying at trial if he failed to appear for a court-ordered deposition. In an order dated July 20, 2017, the Supreme Court denied the defendants' motion. The defendants appeal.
" The Supreme Court has broad discretion in making determinations concerning matters of disclosure, including the nature and degree of the penalty to be imposed under CPLR 3126'" (Silberstein v Maimonides Med. Ctr., 109 AD3d 812, 814, quoting Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 209; see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845; Gutman v Cabrera, 121 AD3d 1042, 1043). "While actions should be resolved on the merits when possible, a court may strike an answer upon a clear showing that the defendant's failure to comply with discovery demands or court-ordered discovery was the result of willful and contumacious conduct" (Ozeri v Ozeri, 135 AD3d 838, 839; see Sadoyan v Castro, 102 AD3d 666, 667; Carabello v Luna, 49 AD3d 679). A court can infer that a party is acting willfully and contumaciously through the party's repeated failure to respond to demands or to comply with discovery orders (see Silberstein v Maimonides Med. Ctr., 109 AD3d at 814; Byam v City of New York, 68 AD3d 798, 801). " Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed'" (Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601, quoting Lotardo v Lotardo, 31 AD3d 504, 505).
To be relieved of the adverse impact of the conditional order, the defendants were required to demonstrate a reasonable excuse for Baez's failure to appear for his deposition and a potentially meritorious defense (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013; Almonte v Pichardo, 105 AD3d 687, 688). The defendants failed to demonstrate a reasonable excuse because the assertions by their counsel that they were unable to locate Baez and, therefore, could not produce him for depositions, were inadequate to excuse his conduct (see Yong Soon Oh v Hua Jin, 124 AD3d 639, 641). "The fact that a defendant has disappeared or made himself or herself unavailable is not a basis for denying a motion to strike his or her answer for failure to appear at a deposition" (Bates v Baez, 299 AD2d 382, 382; see Riccuiti v Consumer Prod. Servs., LLC, 71 AD3d 754, 755; Carabello v Luna, 49 AD3d at 680). As the defendants failed to demonstrate a reasonable excuse, we need not reach the issue of whether they demonstrated the existence of a potentially meritorious defense (see Seidler v Knopf, 153 AD3d 874, 876).
The defendants' contention that the striking of the answer, in effect, insofar as asserted on behalf of Baez will adversely impact Woodruff and Colonial in their defense of the action, thereby warranting the imposition of a lesser sanction, is without merit (see generally Riccuiti v Consumer Prod. Servs., LLC, 71 AD3d 754).
Accordingly, since Baez failed to appear for his court-ordered deposition on several occasions over an extended period of time, the Supreme Court providently exercised its discretion in denying the defendants' motion, inter alia, to review and vacate the J.H.O./Referee's order dated April 17, 2017, conditionally striking the answer, in effect, insofar as asserted on behalf of Baez (see Rogers v Howard Realty Estates, Inc., 145 AD3d 1051, 1052; Ozeri v Ozeri, 135 AD3d at 839; Gutman v Cabrera, 121 AD3d at 1043-1044; Sadoyan v Castro, 102 AD3d at 667).
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court