Soto v Chelsea W26, LLC (2018 NY Slip Op 08170)





Soto v Chelsea W26, LLC


2018 NY Slip Op 08170


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-09267
 (Index No. 701424/15)

[*1]Missael Soto, appellant, 
v
Chelsea W26, LLC, et al., respondents.


The Garcia Law Firm, P.C., New York, NY (Rene G. Garcia of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Kristina M. Scotto of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered July 31, 2017. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court entered November 7, 2016, granting the defendants' unopposed motion pursuant to CPLR 3126(3) to strike the complaint and thereupon to deny that motion.
ORDERED that the order is affirmed, with costs.
On February 13, 2015, the plaintiff commenced this action against the defendants, asserting causes of action alleging violations of Labor Law §§ 240(1), 241(6), and 200, and common-law negligence. On April 13, 2015, the defendants served the plaintiff's attorney with an answer and various discovery demands. By preliminary conference order dated November 18, 2015, the Supreme Court, inter alia, directed the plaintiff to serve the defendants with a bill of particulars within 30 days. By so-ordered stipulation dated May 2, 2016, and again by compliance conference order dated May 12, 2016, the court, inter alia, directed the plaintiff to respond to the defendants' demand for a bill of particulars and combined discovery demands.
By notice of motion dated June 27, 2016, the defendants moved pursuant to CPLR 3126(3) to strike the complaint based upon the plaintiff's failure to produce a bill of particulars and responses to the combined discovery demands. By order entered November 7, 2016, the Supreme Court granted the defendants' unopposed motion pursuant to CPLR 3126(3) to strike the complaint. By notice of motion dated January 12, 2017, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the order entered November 7, 2016, and thereupon to deny the defendants' motion pursuant to CPLR 3126(3) to strike the complaint. By order entered July 31, 2017, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Ki Tae Kim v Bishop, 156 AD3d 776, 777; Brinson v Pod, 129 AD3d 1005, 1008; Oller v Liberty Lines Tr., Inc., 111 AD3d 903, 904). The [*2]determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue (see Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013; Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284; Sarcona v J & J Air Container Sta., Inc., 111 AD3d 914, 915).
The Supreme Court providently exercised its discretion in rejecting the plaintiff's excuse of law office failure based on the disputed allegation that the per diem attorney hired by the plaintiff's attorney did not appear on the return date. Regardless of whether the per diem attorney appeared on the return date, the evidence submitted by the plaintiff in support of his motion demonstrates that the plaintiff's attorney made a conscious decision to send a per diem attorney on the motion's return date to attempt to resolve the motion by stipulation rather than file and serve any papers in opposition. Plaintiff's counsel's decision not to oppose the motion constituted a strategy, not law office failure, and thus was not a reasonable excuse (see Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705; Bank of N.Y. Mellon v Colucci, 138 AD3d 1047, 1048; White v Daimler Chrysler Corp., 44 AD3d 651, 652; Everything Yogurt v Toscano, 232 AD2d 604, 606).
Furthermore, the plaintiff failed to demonstrate a potentially meritorious opposition to the defendants' motion. The record demonstrates that the plaintiff's failure to respond to discovery demands and comply with court-ordered discovery was willful and contumacious (see Teitelbaum v Maimonides Med. Ctr., 144 AD3d 1013; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 923; Rock City Sound, Inc. v Bashian & Farber, LLP, 83 AD3d 685, 686-687).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the order entered November 7, 2016, granting the defendants' motion to strike the complaint.
RIVERA, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court