Guardado v K.B.G. Commercial, Inc. (2022 NY Slip Op 05681)

Guardado v K.B.G. Commercial, Inc.

2022 NY Slip Op 05681

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-06493
 (Index No. 617185/17)

[*1]Roberto Guardado, respondent,
v K.B.G. Commercial, Inc., et al., appellants, et al., defendants.

Eric D. Feldman, Melville, NY (Jennifer M. Belk and David R. Holland of counsel), for appellants.
Siben & Siben LLP, Bay Shore, NY (Alan G. Faber of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants K.B.G. Commercial, Inc., and Vibert A. Prescott appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated July 30, 2020. The order conditionally granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike those defendants' answer unless the defendant Vibert A. Prescott appeared for a deposition.
ORDERED that the order is affirmed, with costs.
This action arises from a motor vehicle accident that allegedly occurred on the Long Island Expressway, I-495, on February 6, 2017. The accident involved three vehicles: the plaintiff's vehicle, a vehicle owned by the defendant K.B.G. Commercial, Inc., and operated by the defendant Vibert A. Prescott (hereinafter together the KBG defendants), and a vehicle owned by the defendant Wig Luca Trucking Corp. and operated by the defendant Julio A. Clavijo.
On September 5, 2017, the plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in the accident. On June 28, 2019, the plaintiff moved, inter alia, pursuant to CPLR 3124 and 3126 to strike the KBG defendants' answer for failure to
provide discovery based on, among other things, Prescott's failure to appear for a deposition on two scheduled dates. By order dated December 5, 2019, the Supreme Court conditionally granted that branch of the motion which was pursuant to CPLR 3126 to strike the KBG defendants' answer if, without reasonable cause, Prescott failed to appear for a deposition noticed for a date no earlier than January 2020. Prescott's deposition was scheduled for February 19, 2020. On February 18, 2020, the plaintiff's counsel and the KBG defendants' counsel confirmed the deposition date and time, but Prescott failed to appear for the deposition without explanation.
On March 12, 2020, the plaintiff once again moved pursuant to CPLR 3124 and 3126 to strike the KBG defendants' answer. By order dated July 30, 2020, the Supreme Court conditionally granted that branch of the motion which was pursuant to CPLR 3126 to strike the KBG defendants' answer if Prescott failed to appear for a deposition noticed in accordance with the CPLR. The KBG defendants appeal, and we affirm.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019, quoting CPLR 3126; see Gelin v New York City Tr. Auth., 189 AD3d 789, 792). "The nature and degree of the penalty to be imposed under CPLR 3126 is a matter generally left to the court's discretion" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d at 1019). "Although public policy strongly favors that actions be resolved on the merits when possible, a court may resort to the drastic remedies of striking a pleading or precluding evidence upon a clear showing that a party's failure to comply with a disclosure order was the result of willful and contumacious conduct" (Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 815). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to comply with discovery demands or orders without a reasonable excuse" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d at 1019).
Here, the Supreme Court providently exercised its discretion in conditionally granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the KBG defendants' answer if Prescott did not appear for a deposition (see Almonte v Pichardo, 105 AD3d 687; Maignan v Nahar, 37 AD3d 557). The willful and contumacious character of the KBG defendants' actions can be inferred from their repeated failure to comply with orders directing Prescott to appear for a deposition, and the absence of any excuse offered for such failures (see Nationstar Mtge., LLC v Jackson, 192 AD3d at 816; Maignan v Nahar, 37 AD3d at 557). Accordingly, we affirm the order.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court