DeJesus v Lilly Trans Corp. (2023 NY Slip Op 00302)

DeJesus v Lilly Trans Corp.

2023 NY Slip Op 00302

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-02558
 (Index No. 706512/19)

[*1]Sandra DeJesus, respondent, 
v
Lilly Trans Corp., et al., appellants.

Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for appellants.
Mallilo & Grossman, Flushing, NY (Stephen M. Grossman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Pam Jackman-Brown, J.), entered March 5, 2021. The order, insofar as appealed from, conditionally granted the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answer unless the defendants appeared for depositions within 30 days.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when a vehicle she was operating was struck by a vehicle owned by the defendants Lilly Trans Corp. and Imran Yousuf, and operated by the defendant Mohammad A. Javed. The plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants answered the complaint. After the defendants failed to appear for depositions on numerous occasions, the plaintiff moved pursuant to CPLR 3126 to strike the defendants' answer, arguing that she was prejudiced by the delays in holding depositions. In an order entered March 5, 2021, the Supreme Court, inter alia, conditionally granted the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answer unless the defendants appeared for depositions within 30 days. The defendants appeal.
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court. The striking of a pleading is an extreme sanction but may be warranted when there is a clear showing that the failure to comply with discovery demands or court-ordered discovery was the result of willful and contumacious conduct. The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders" (Cook v SI Care Ctr., 205 AD3d 875, 877 [citations and internal quotation marks omitted]). "'The fact that a defendant has disappeared or made himself or herself unavailable is not a basis for denying a motion to strike his or her answer for failure to appear at a deposition'" (Sepulveda v 101 Woodruff Ave. Owner, LLC, 166 AD3d 835, 837, quoting Bates v Baez, 299 AD2d 382, 382; see Carabello v Luna, 49 AD3d 679, 680).
Contrary to the defendants' contention, the Supreme Court providently exercised its [*2]discretion in conditionally granting the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answer unless the defendants appeared for depositions within 30 days (see Sepulveda v 101 Woodruff Ave. Owner, LLC, 166 AD3d at 836-837; Almonte v Pichardo, 105 AD3d 687; Carabello v Luna, 49 AD3d at 680; Bates v Baez, 299 AD2d at 382).
Accordingly, we affirm the order insofar as appealed from.
The defendants' remaining contention does not require a different result (see generally Abbas v Cole, 7 AD3d 649; Godwins v Coggins, 280 AD2d 582, 582).
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court