Fadeau v Corona Indus. Corp. (2023 NY Slip Op 03453)

Fadeau v Corona Indus. Corp.

2023 NY Slip Op 03453

Decided on June 28, 2023

Appellate Division, Second Department

LaSalle, P.J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-01516
 (Index No. 503051/20)

[*1]Berwing F. Fadeau, plaintiff, 
v
Corona Industries Corp., et al., appellants.

APPEAL by the defendants, in an action to recover damages for personal injuries, from an order of the Supreme Court (Lawrence Knipel, J.), dated January 20, 2021, and entered in Kings County. The order denied the defendants' motion pursuant to CPLR 3126 to impose sanctions against the plaintiff for spoliation of evidence.

Peknic, Peknic & Schaefer, LLC, Long Beach, NY (Catherine Papandrew of counsel), for appellants.
Bogoraz Law Group, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Diane K. Toner], of counsel), for plaintiff.

LASALLE, P.J.

OPINION & ORDER
On this appeal we join the Appellate Division, First Department, in holding that a plaintiff's action in undergoing surgery without giving the defendants an opportunity to conduct a presurgical medical examination of the plaintiff's body cannot be the basis of sanctions for spoliation of evidence.
Factual and Procedural Background
On February 1, 2018, the plaintiff was driving a motor vehicle that was involved in a collision with a vehicle owned by the defendant Corona Industries Corp. (hereinafter Corona) and operated by the defendant Jorge Reinoso. The accident allegedly caused the plaintiff to sustain serious injuries to the lumbar and cervical regions of his spine.
On February 6, 2020, the plaintiff commenced this action to recover damages for personal injuries against Corona and Reinoso, who was named in the complaint as "John Doe." On March 2, 2020, the defendants filed an answer. At the same time, the defendants served the plaintiff with a "DEMAND FOR PRE-SURGICAL INDEPENDENT MEDICAL EXAMINATIONS." The demand provided that should the plaintiff schedule a surgical procedure related to injuries sustained in the subject accident, "then defendants demand and require plaintiff to appear for pre-surgical independent medical examinations, to be scheduled by defendants." The demand also insisted that the plaintiff provide at least three dates that the plaintiff is available to appear for independent medical examinations prior to any surgery.
On or about March 10, 2020, the plaintiff served a verified bill of particulars stating that as a result of his injuries, he had undergone surgery on February 3, 2019 (prior to the commencement of this action), for "a Discectomy, Mechanical Decompression at L4-5, Nucleoplasty, radiofrequency ablation at L4-5, Annuloplasty L4-5, and a contrast injection and evaluation of the Nucleograms L4-5." The verified bill of particulars also noted that there was a "possible need for future surgery." On or about August 19, 2020, the plaintiff served a supplemental bill of particulars stating that on August 6, 2020, the plaintiff had undergone "lumbar laminectomy and fusion with nonsegmental instrumentation pedicle screws and rods and application allograft."
By notice of motion dated December 18, 2020, the defendants moved for an order "striking Plaintiff's pleadings or, in the alternative, pursuant to 22 N.Y.C.R.R. and C.P.L.R. § 3126, precluding Plaintiff from producing evidence at trial for the spoliation of evidence." In a supporting affirmation, the defendants' attorney noted that "[a]t no point prior to Plaintiff's August 6, 2020 surgery, which occurred approximately two-and-a-half years following the alleged accident and five (5) months following the service of Defendants' Demand for Pre-Surgical Independent Medical Examinations, were Defendants notified of Plaintiff's intent to undergo, or the scheduling of, the same."
In an order dated January 20, 2021, the Supreme Court denied the defendants' motion to impose sanctions against the plaintiff for spoliation of evidence. Among other things, the court's order asked, rhetorically, "what would happen in all the cases where suit is initiated after surgery? Would defendants argue that plaintiff should be precluded in all of those cases?" The defendants appeal.
Discussion
The defendants contend that the non-life-saving, nonemergency surgery that the plaintiff underwent, without permitting the defendants to conduct a medical evaluation of his preoperative condition, was spoliation of evidence for which the imposition of sanctions is warranted. While the defendants acknowledge that "[s]poliation of evidence for failure to preserve the pre-surgical medical condition of a plaintiff in personal injury litigation is a newly emerging area of law," the defendants cite three cases where courts have concluded that spoliation sanctions may be imposed in such circumstances: Martinez v Nelson (64 Misc 3d 225 [Sup Ct, Bronx County 2019]), Mangione v Jacobs (37 Misc 3d 711 [Sup Ct, Queens County 2012], affd on other grounds 121 AD3d 953 [2d Dept 2014]), and Hoyeun Kang v Perri (2021 WL 5507987, 2021 US Dist LEXIS 162769 [ED NY, Aug. 25, 2021, No. 20-cv-00746 (MKB) (PK)]).
In his brief, the plaintiff contends that by affirming the Supreme Court's determination in Mangione v Jacobs on other grounds, this Court has rejected the idea that a spoliation analysis can apply to a plaintiff's bodily condition. The plaintiff further notes that after the defendants filed their brief, the Appellate Division, First Department, held that a spoliation analysis should not be applied to a person's bodily condition (see Gilliam v Uni Holdings, LLC, 201 AD3d 83 [1st Dept 2021]). The plaintiff contends that this Court should follow the persuasive reasoning of the First Department.
In their reply brief, the defendants contend that because the spoliation analysis applied by the Supreme Court in Mangione was neither disturbed nor overturned on appeal, this Court implicitly acknowledged that a spoliation analysis can apply to a bodily condition. Accordingly, the defendants contend that the First Department case of Gilliam is inconsistent with the law in this Department and should not be followed.
"Under CPLR 3126, if a court finds that a party destroyed evidence that 'ought to have been disclosed . . . , the court may make such orders with regard to the failure or refusal as are just'" (Ortega v City of New York, 9 NY3d 69, 76, quoting CPLR 3126). "New York courts therefore possess broad discretion to provide proportionate relief to the party deprived of the lost evidence, such as precluding proof favorable to the spoliator to restore balance to the litigation, requiring the spoliator to pay costs to the injured party associated with the development of replacement evidence, or employing an adverse inference instruction at the trial of the action" (Ortega v City of New York, 9 NY3d at 76; see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 551). "Where appropriate, a court can impose the ultimate sanction of dismissing the action or striking responsive pleadings, thereby rendering a judgment by default against the offending party" (Ortega v City of New York, 9 NY3d at 76).
"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense. Where the evidence is determined to have been intentionally or wilfully destroyed, the relevancy of the destroyed documents is presumed. On the other hand, if the evidence is determined to have been negligently destroyed, the party seeking [*2]spoliation sanctions must establish that the destroyed documents were relevant to the party's claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548 [citations and internal quotation marks omitted]).
Once a party reasonably anticipates litigation, it must suspend its routine retention/destruction policy and put in place a "'litigation hold'" to ensure the preservation of relevant evidence (Gregorian v New York Life Ins. Co., 211 AD3d 706, 710, quoting VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 36 [internal quotation marks omitted]).
Contrary to the contentions of both the defendants and the plaintiff, this Court has never before determined whether a spoliation analysis can apply to a bodily condition. In Mangione v Jacobs (121 AD3d 953), certain defendants separately moved to dismiss the complaint insofar as asserted against each of them on the ground that the plaintiff repeatedly failed to appear for scheduled independent medical examinations, or to comply with other discovery demands, as directed in a preliminary conference order, a compliance conference order, and a stipulation (see id. at 954). In opposing the defendants' motions, the plaintiff's counsel revealed that the plaintiff had recently undergone a surgical procedure to address an injury that allegedly resulted from or was aggravated by the subject accident (see id.). The Supreme Court granted the defendants' motions, concluding that the plaintiff destroyed evidence by intentionally undergoing surgery before she had submitted to the independent medical examinations (see id.). This Court affirmed, but stated that it was "albeit on other grounds" (id.), namely, on the ground that the plaintiff had repeatedly failed to appear at scheduled independent medical examinations without an adequate excuse (see id. at 954-955). Thus, this Court in Mangione did not decide, one way or the other, whether a spoliation analysis can apply when a plaintiff undergoes surgery without giving the defendant an opportunity to examine his or her presurgical medical condition.
However, the First Department has recently rejected the proposition that a spoliation analysis can apply in such a situation. In Gilliam v Uni Holdings, LLC (201 AD3d 83), the First Department held "that the condition of one's body is not the type of evidence that is subject to a spoliation analysis" (id. at 85). After noting that "[s]poliation analysis has long been applied to a party's destruction of inanimate evidence," the First Department concluded that the
"state of one's body is fundamentally different from inanimate evidence, and medical treatment, including surgery, is entirely distinct from the destruction of documents or tangible evidence which spoliation sanctions attempt to ameliorate. To find that a person has an 'obligation,' to preserve his or her body in an injured state so that a defendant may conduct [a medical examination], is antithetical to our belief in personal liberty and control over our own bodies" (id. at 86-87).
The First Department maintained that
"[p]laintiffs must be free to determine when to undergo medical treatments based on personal factors such as doctor's advice and their specific pain and discomfort level. It would be absurd for courts to require a plaintiff to forgo surgery (or other medical treatment) for an injury so as not to potentially compromise a lawsuit against the party(s) alleged to have caused the injury" (id. at 87).
Accordingly, the First Department concluded that the spine surgery that the plaintiff underwent in that case did not result in the spoliation of evidence, and that the "[d]efendant's categorization of the plaintiff's surgery as 'non-emergency' does not alter this conclusion" (id.).
We agree with the First Department's conclusion in this regard, for the reasons stated in its opinion. It is not reasonable to require a plaintiff to delay medical treatment, and potentially prolong his or her suffering, solely to allow a defendant to examine the plaintiff's body in a presurgical state. Under these circumstances, the plaintiff has not "refuse[d] to obey an order for disclosure or wilfully fail[ed] to disclose information which . . . ought to have been disclosed" (CPLR 3126).
Accordingly, the Supreme Court properly denied the defendants' motion to impose sanctions against the plaintiff for spoliation of evidence, and therefore, the order is affirmed.
CONNOLLY, GENOVESI and VOUTSINAS, JJ., concur.
ORDERED that the order is affirmed, without costs or disbursements.
ENTER:
Maria T. Fasulo
Clerk of the Court